Douglas C. Smith, Esq. (State Bar No.160013)
dsmith@smitlaw.com
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, California 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

Attorney for Defendants
COUNTY OF SAN LUIS OBISPO and IAN PARKINSON

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caroline Wichman, individually and as successor in interest to Edward Zamora Giron II, deceased, | CASE NO.: 2:22-cv-03156-DMG (RAOx) |
| Plaintiff, | **JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"** |
| vs. | |
| CITY OF SAN LUIS OBISPO, a municipal entity; COUNTY OF SAN LUIS OBISPO, a municipal entity; BRYAN AMOROSO, an individual; STEVE OROZCO, an individual; IAN PARKINSON, an individual; RICK SCOTT; and DOES 1-25, inclusive, | |
| Defendants. | *Complaint filed 5/9/22* *First Amended Complaint 7/23/22* |

## I.

## PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

1  discovery and that the protection it affords from public disclosure and use extends

2  only to the limited information or items that are entitled to confidential treatment

3  under the applicable legal principles. The parties further acknowledge, as set forth

4  in Section XIII(C), below, that this Stipulated Protective Order does not entitle

5  them to file confidential information under seal; Civil Local Rule 79-5 sets forth

6  the procedures that must be followed and the standards that will be applied when a

7  party seeks permission from the Court to file material under seal.

8                                         **II.**

9                          **GOOD CAUSE STATEMENT**

10         This action is likely to involve confidential information derived from

11 personnel records, investigatory documents, and other materials subject to privacy

12 protections for which special protection from public disclosure and from use for

13 any purpose other than prosecution of this action is warranted. Limiting disclosure

14 of these documents to the context of this litigation as provided herein will,

15 accordingly, further important law enforcement objectives and interests, including

16 the safety of personnel and the public, as well as individual privacy rights of

17 plaintiff, the individual defendants, and third parties. Accordingly, to expedite the

18 flow of information, to facilitate the prompt resolution of disputes over

19 confidentiality of discovery materials, to adequately protect information the parties

20 are entitled to keep confidential, to ensure that the parties are permitted reasonable

21 necessary uses of such material in preparation for and in the conduct of trial, to

22 address their handling at the end of the litigation, and serve the ends of justice, a

23 protective order for such information is justified in this matter. It is the intent of

24 the parties that information will not be designated as confidential for tactical

25 reasons and that nothing be so designated without a good faith belief that it has

26 been maintained in a confidential, non-public manner, and there is good cause why

27 it should not be part of the public record of this case.

28 *///*

### III.

### ACKNOWLEDGMENT OF PROCEDURE

### FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 14.3, below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to material that a party seeks to file under seal. The parties' mere designation of material as "CONFIDENTIAL" does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause. Further, if a party requests sealing related to dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the

application to file documents under seal must be provided by declaration. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## IV.

## DEFINITIONS

A.   <u>Action</u>

*Caroline Wichman, individually and as successor in interest to Edward Zamora Giron II, deceased v. CITY OF SAN LUIS OBISPO, a municipal entity; COUNTY OF SAN LUIS OBISPO, a municipal entity; BRYAN AMOROSO, an individual; STEVE OROZCO, an individual; IAN PARKINSON, an individual; RICK SCOTT; and DOES 1-25, inclusive*, United States District Court Case No. 2:22-cv-03156-DMG (RAOx).

B.   Challenging Party

A Party or Non-Party that challenges the designation of information or items under this Order.

C.   "CONFIDENTIAL" Information or Items

Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure, Rule 26(c), and as specified above in the Good Cause Statement.

D.   Counsel

Outside Counsel of Record and House Counsel (as well as their support staff).

///

///

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER
GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"**

E.  <u>Designating Party</u>

A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.  <u>Disclosure or Discovery Material</u>

All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.  <u>Expert</u>

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.  <u>House Counsel</u>

Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.  <u>Non-Party</u>

Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.  <u>Outside Counsel of Record</u>

Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.  <u>Party</u>

Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

///

P:\SLO County\154.Wichman\p-stip02(protect order).wpd          5

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER**
**GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"**

L.    Producing Party

A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.    Professional Vendors

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.    Protected Material

Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O.    Receiving Party

A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.**

**SCOPE**

A.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.    Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**V.**

**DURATION**

A.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

1   deemed to be the later of (1) dismissal of all claims and defenses in this Action,

2   with or without prejudice; and (2) final judgment herein after the completion and

3   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

4   including the time limits for filing any motions or applications for extension of

5   time pursuant to applicable law.

6                                            **VI.**

7                    **DESIGNATING PROTECTED MATERIAL**

8   A.    Exercise of Restraint and Care in Designating Material for Protection

9            1.      Each Party or Non-Party that designates information or items for

10  protection under this Order must take care to limit any such designation to specific

11  material that qualifies under the appropriate standards. The Designating Party

12  must designate for protection only those parts of material, documents, items, or

13  oral or written communications that qualify so that other portions of the material,

14  documents, items, or communications for which protection is not warranted are

15  not swept unjustifiably within the ambit of this Order.

16           2.      Mass, indiscriminate, or routinized designations are prohibited.

17  Designations that are shown to be clearly unjustified or that have been made for an

18  improper purpose (e.g., to unnecessarily encumber the case development process

19  or to impose unnecessary expenses and burdens on other parties) may expose the

20  Designating Party to sanctions.

21           3.      If it comes to a Designating Party's attention that information or items

22  that it designated for protection do not qualify for protection, that Designating

23  Party must promptly notify all other Parties that it is withdrawing the inapplicable

24  designation.

25  B.    Manner and Timing of Designations

26           1.      Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b)

27  below), or as otherwise stipulated or ordered, Disclosure or Discovery Material

28  that qualifies for protection under this Order must be clearly so designated before

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER
GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"**

1    the material is disclosed or produced.

2         2.    Designation in conformity with this Order requires the following:

3              a.    For information in documentary form (e.g., paper or

4    electronic documents, but excluding transcripts of depositions or other pretrial or

5    trial proceedings), that the Producing Party affix at a minimum, the legend

6    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

7    contains protected material. If only a portion or portions of the material on a page

8    qualifies for protection, the Producing Party also must clearly identify the

9    protected portion(s) (e.g., by making appropriate markings in the margins).

10             b.    A Party or Non-Party that makes original documents available

11   for inspection need not designate them for protection until after the inspecting

12   Party has indicated which documents it would like copied and produced. During

13   the inspection and before the designation, all of the material made available for

14   inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

15   identified the documents it wants copied and produced, the Producing Party must

16   determine which documents, or portions thereof, qualify for protection under this

17   Order. Then, before producing the specified documents, the Producing Party must

18   affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

19   If only a portion or portions of the material on a page qualifies for protection, the

20   Producing Party also must clearly identify the protected portion(s) (e.g., by making

21   appropriate markings in the margins).

22             c.    For testimony given in depositions, that the Designating Party

23   identify the Disclosure or Discovery Material on the record, before the close of the

24   deposition all protected testimony.

25             d.    For information produced in form other than document and for

26   any other tangible items, that the Producing Party affix in a prominent place on the

27   exterior of the container or containers in which the information is stored the

28   legend "CONFIDENTIAL." If only a portion or portions of the information

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER
GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"**

warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.     Inadvertent Failure to Designate

1.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.     Timing of Challenges

1.     Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.     Meet and Confer

1.     The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.     The Burden of Persuasion in Any Such Challenge Proceeding Shall Be on the Designating Party

1.     Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

///

///

///

///

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER**
**GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"**

## VIII.

## ACCESS TO AND USE OF PROTECTED MATERIAL

A.    Basic Principles

1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.    Disclosure of "CONFIDENTIAL" Information or Items

1.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.    The Court and its personnel;

e.    Court reporters and their staff;

///

P:\SLO County\154.Wichman\p-stip02(protect order).wpd          10

1    f.    Professional jury or trial consultants, mock jurors, and

2 Professional Vendors to whom disclosure is reasonably necessary or this Action

3 and who have signed the "Acknowledgment and Agreement to be Bound" attached

4 as Exhibit A hereto;

5    g.    The author or recipient of a document containing the

6 information or a custodian or other person who otherwise possessed or knew the

7 information;

8    h.    During their depositions, witnesses, and attorneys for

9 witnesses, in the Action to whom disclosure is reasonably necessary provided: (i)

10 the deposing party requests that the witness sign the "Acknowledgment and

11 Agreement to Be Bound;" and (ii) they will not be permitted to keep any

12 confidential information unless they sign the "Acknowledgment and Agreement to

13 Be Bound," unless otherwise agreed by the Designating Party or ordered by the

14 Court. Pages of transcribed deposition testimony or exhibits to depositions that

15 reveal Protected Material may be separately bound by the court reporter and may

16 not be disclosed to anyone except as permitted under this Stipulated Protective

17 Order; and

18    i.    Any mediator or settlement officer, and their supporting

19 personnel, mutually agreed upon by any of the parties engaged in settlement

20 discussions.

21                        **IX.**

22        **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

23            **PRODUCED IN OTHER LITIGATION**

24 A.    If a Party is served with a subpoena or a court order issued in other litigation

25 that compels disclosure of any information or items designated in this Action as

26 "CONFIDENTIAL," that Party must:

27 ///

28 ///

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER**
**GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"**

1.     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.

## A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER
GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"

1          1.    Promptly notify in writing the Requesting Party and the Non-Party

2 that some or all of the information requested is subject to a confidentiality

3 agreement with a Non-Party;

4          2.    Promptly provide the Non-Party with a copy of the Stipulated

5 Protective Order in this Action, the relevant discovery request(s), and a reasonably

6 specific description of the information requested; and

7          3.    Make the information requested available for inspection by the Non-

8 Party, if requested.

9 C.    If the Non-Party fails to  seek a protective order from this court within 14

10 days of receiving the notice and accompanying information, the Receiving Party

11 may produce the Non-Party's confidential information responsive to the discovery

12 request. If the Non-Party timely seeks a protective order, the Receiving Party shall

13 not produce any information in its possession or control that is subject to the

14 confidentiality agreement with the Non-Party before a determination by the court.

15 Absent a court order to the contrary, the Non-Party shall bear the burden and

16 expense of seeking protection in this court of its Protected Material.

17                        **XI.**

18     **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

19 A.    If a Receiving Party learns that, by inadvertence or otherwise, it has

20 disclosed Protected Material to any person or in any circumstance not authorized

21 under this Stipulated Protective Order, the Receiving Party must immediately (1)

22 notify in writing the Designating Party of the unauthorized disclosures, (2) use its

23 best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform

24 the person or persons to whom unauthorized disclosures were made of all the

25 terms of this Order, and (4) request such person or persons to execute the

26 "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit

27 A.

28 *///*

## XII.

## INADVERTENT PRODUCTION OF PRIVILEGED
## OR OTHERWISE PROTECTED MATERIAL

A.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in *Federal Rule of Civil Procedure*, Rule 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to *Federal Rule of Evidence*, Rules 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII.

## MISCELLANEOUS

A.      Right to Further Relief

1.      Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.      Right to Assert Other Objections

1.      By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.      Filing Protected Material

1.      A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER**
**GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"**

1  Material at issue. If a Party's request to file Protected Material under seal is denied
2  by the Court, then the Receiving Party may file the information in the public
3  record unless otherwise instructed by the Court.

4  ### XIV.

5  ### FINAL DISPOSITION

6  A.      After the final disposition of this Action, as defined in Section V, within
7  sixty (60) days of a written request by the Designating Party, each Receiving Party
8  must return all Protected Material to the Producing Party or destroy such material.
9  As used in this subdivision, "all Protected Material" includes all copies, abstracts,
10  compilations, summaries, and any other format reproducing or capturing any of
11  the Protected Material. Whether the Protected Material is returned or destroyed,
12  the Receiving Party must submit a written certification to the Producing Party
13  (and, if not the same person or entity, to the Designating Party) by the 60 day
14  deadline that (1) identifies (by category, where appropriate) all the Protected
15  Material that was returned or destroyed and (2) affirms that the Receiving Party
16  has not retained any copies, abstracts, compilations, summaries or any other
17  format reproducing or capturing any of the Protected Material. Notwithstanding
18  this provision, Counsel are entitled to retain an archival copy of all pleadings,
19  motion papers, trial, deposition, and hearing transcripts, legal memoranda,
20  correspondence, deposition and trial exhibits, expert reports, attorney work
21  product, and consultant and expert work product, even if such materials contain
22  Protected Material. Any such archival copies that contain or constitute Protected
23  Material remain subject to this Protective Order as set forth in Section V.

24  B.      Any violation of this Order may be punished by any and all appropriate
25  measures including, without limitation, contempt proceedings and/or monetary
26  sanctions.

27  ///

28  ///

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3   Dated: August 11, 2022                    SMITH LAW OFFICES, LLP

4

5                                              By: _/s / Douglas C. Smith_____
                                                   Douglas C. Smith
6                                                  Attorney for Defendants
                                                   COUNTY OF SAN LUIS OBISPO and
7                                                  IAN PARKINSON

8   Dated: August _12_, 2022                  LAW OFFICES OF DAVID KAUFMAN,
                                               APC
9
                                               By:_____
10                                                 David A. Kaufman
                                                   Attorney for Plaintiff
11                                                 CAROLINE WICHMAN, individually
                                                   and as successor in interest to Edward
12                                                 Zamora Giron II, deceased

13

14  Dated: August 11, 2022                    ADAMSKI MOROSKI MADDEN
                                               CUMBERLAND & GREEN LLP
15
                                               By:_/s / Joshua M. George_____
16                                                 Joshua M. George
                                                   Attorney for Defendant
17                                                 CITY OF SAN LUIS OBISPO

18  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

19

20  Dated:_____, 2022
21                                             _____
                                               HON. DOLLY M. GEE
22                                             United States District Judge

23

24

25

26

27

28

P:\SLO County\154.Wichman\p-stip02(protect order).wpd          16

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER**
**GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"**

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issue by the United States District Court for the Central District of

California on [DATE] in the case of _____ [insert formal

name of the case and the number and initials assigned to it by the Court]. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action. I hereby appoint _____

[print or type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER**
**GOVERNING PRODUCTION OF "CONFIDENTIAL INFORMATION"**