1  LAW OFFICES OF DAVID A KAUFMAN, APC
   David A Kaufman SBN 284488
2  3162 Via Alicante Unit E
   La Jolla, CA 92037
3  Tel. (619) 865-8648
   Email: attorney@lawofficesofdavidkaufman.com
4  Attorney for Plaintiff
   CAROLINE WICHMAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLINE WICHMAN, individually and as successor in interest to Edward Zamora Giron II, deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF SAN LUIS OBISPO, a municipal entity; COUNTY OF SAN LUIS OBISPO, a municipal entity; BRYAN AMOROSO, an individual; STEVE OROZCO, an individual; IAN PARKINSON, an individual; RICK SCOTT; and DOES 1-25, inclusive,<br><br>        Defendants. | Case No.: 2:22-cv-03156<br>Complaint Filed: 05/09/22<br>Judge: Hon. Dolly M. Gee<br><br>**DECLARATION OF ATTORNEY DAVID A KAUFMAN IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF CAROLINE WICHMAN**<br><br>Pursuant to Local Rule L.R. 83-2.3.2<br><br>**Hearing Details**<br>**Friday, October 28, 2022**<br>**9:30 am**<br><br>United States Courthouse<br>350 West 1st Street<br>Los Angeles, CA, 90012<br>Courtroom 8C, 8th Floor<br><br>https://www.cacd.uscourts.gov/honorable-dolly-m-gee |

**ATTORNEY DECLARATION**

1.  I, David A. Kaufman, am an attorney duly licensed to practice law before all courts of the State of California. I am counsel for Plaintiff, CAROLINE WICHMAN. This motion is brought seeking leave of Court to be relieved as Plaintiff's counsel in this matter. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

---

**ATTORNEY DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**
Case No: 2:22-cv-03156

2. On or about April 5, 2022, the counsel, the undersigned, was retained to represent Plaintiff, CAROLINE WICHMAN, with respect to certain claims against the CITY OF SAN LUIS OBISPO and COUNTY OF SAN LUIS OBISPO, arising from an incident that occurred on or about May 10, 2021, that resulted in the death of a CITY of SAN LUIS OBISPO police officer and the plaintiff's son. The CITY and COUNTY had not released any of the investigative reports or a critical incident video of the event and there was speculation that there was more to the story than the narrative that was released in the media immediately following, as the information supporting the narrative was provided exclusively by law enforcement. On or about November 9, 2021, a tort claim, pursuant to Gov't Code §910, et. seq., previously presented to the COUNTY was denied, giving the Plaintiff until May 9th to file suit to preserve any claims arising under California law.

3. Plaintiff filed suit on or about May 9th, initiating the instant case (Doc #1). On or about July 23, 2022, Plaintiff would amend the complaint, filing a First Amended Complaint (Doc #11) and add additional factual pleading and individual defendants. The defendants were served in or around August 3rd or 4th, before the running of the mandatory ninety (90) days for service of the defendants.

4. Beginning in or around August 4th and continuing through August 8th, Counsel for the defendants met and conferred with Plaintiff's counsel as a prelude to filing FRCP 12(b)(6) motions to dismiss. During the meet and confer, defense counsel, who had seen the body cam video of the incident described what the video showed with respect to the underlying incident and also suggested that perhaps the parties might consider stipulating to an extension of the responsive pleading deadline to allow Plaintiff's counsel an opportunity to review the body cam footage and investigative files and reassess Plaintiff's decision with respect to the merits of the underlying case.

- 2 -
**ATTORNEY DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF**
Case No: 2:22-cv-03156

5. On or about August 15th the Parties entered into and filed a stipulation to extend the responsive pleading deadline (Doc # 40). Also on August 15, 2022, the Parties entered into and filed a stipulated protective order (Doc # 41) that would allow defense counsel to share sensitive documents with Plaintiff's counsel to assist a more informed assessment of the merits of the case.

6. In or around August 28th the COUNTY shared an autopsy report of the decedent, Mr. Giron. The parties continued to meet and confer view phone and email regarding access to the bodycam video footage and incident investigative report. The COUNTY and CITY were not comfortable providing the materials electronically because of the impossibility of controlling who might have access or be able to see the materials if they were released. It was proposed that Plaintiff's counsel travel to defense counsel's office to view the investigative files and video. In or around September 3rd Plans were eventually reached for Plaintiff's counsel to travel from San Diego to sit with defense counsel in San Luis Obispo at their offices to have a chance to view the incident video and review the investigative files.

7. On or about September 9th Plaintiff's counsel travelled to San Luis Obispo to meet with defense counsel to review the investigative files and video of the incident.

8. After having a chance to review the files and video of the incident counsel discussed the evidence with Plaintiff, what specifically it portended for the case, and advised on a sensible course of action with respect to the litigation.

9. The undersigned initially sought to get the Plaintiff to follow the advice of counsel with respect to handling of the case following the opportunity to review evidence in the hands of the other side. However, the Client did not wish to follow the advice of counsel and instead sought to pursue a different course of action. Counsel advised what was the only prudent and sensible option under the circumstances but seeing that this was not well received then sought to have the

- 3 -
**ATTORNEY DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF**
Case No: 2:22-cv-03156

1  Client sign a form substitution/withdrawal of attorney to free the Client to pursue
2  her own course.  However, the Client refused to sign the form substitution of
3  counsel, making the instant motion to withdraw necessary.
4      I hereby certify that the foregoing is true and correct and declare thereto under
5  penalty of perjury in accordance with the law of the state of California.

Dated:   September 29, 2022

By: _____
David Kaufman
Attorney for Plaintiff
CAROLINE WICHMAN

- 4 -
**ATTORNEY DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF**
Case No: 2:22-cv-03156