1  Joshua M. George, SBN: 244565
   george@ammcglaw.com                          Filing Fee Exempt
2  Chase W. Martin, SBN: 260444                 (Gov. Code, § 6103)
   cmartin@ammcglaw.com
3  ADAMSKI MOROSKI MADDEN CUMBERLAND
    & GREEN LLP
4  *Mailing Address*:  Post Office Box 3835
   San Luis Obispo, CA  93403-3835
5  *Physical Address*:  6633 Bay Laurel Place
   Avila Beach, CA  93424
6  Telephone: (805) 543-0990
   Facsimile: (805) 543-0980
7  Attorneys for Defendants, City of San Luis Obispo,
   Bryan Amoroso, Steve Orozco, and Rick Scott

8

9              **UNITED STATES DISTRICT COURT**

10          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12 CAROLINE WICHMAN, individually        CASE NO. 2:22-cv-03156-DMG-
   and as successor in interest to Edward   RAOx
13 Zamora Giron II, deceased,
                                          **DEFENDANTS CITY OF SAN**
14              Plaintiffs,               **LUIS OBISPO, BRYAN**
                                          **AMOROSO, STEVE OROZCO**
15 v.                                     **AND RICK SCOTT'S NOTICE**
                                          **OF MOTION AND MOTION TO**
16 CITY OF SAN LUIS OBISPO, a             **DISMISS PLAINTIFF'S FIRST**
   municipal entity; COUNTY OF SAN        **AMENDED COMPLAINT**
17 LUIS OBISPO, a municipal entity;       **PURSUANT TO FEDERAL RULE**
   BRYAN AMOROSO, an individual;          **OF CIVIL PROCEDURE 12(b)(6);**
18 STEVE OROZCO, an individual; IAN       **MEMORANDUM OF POINTS**
   PARKINSON, an individual; RICK         **AND AUTHORITIES**
19 SCOTT; and DOES 1-25, inclusive,
                                          **Hearing Date: December 2, 2022**
20              Defendants.               **Time: 9:30 a.m.**
                                          **Location: Courtroom 8C**
21

22

23

24      PLEASE TAKE NOTICE that on December 2, 2022, at 9:30 a.m., or as

25 soon thereafter as this matter may be heard, by telephone or videoconference,

26 defendants City of San Luis Obispo, Bryan Amoroso, Steve Orozco, and Rick

27 Scott will and hereby do move this court for an order dismissing plaintiff

28 Caroline Wichman's first amended complaint, pursuant to Federal Rule of Civil

                                    1

*ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP*
Attorneys at Law

Procedure 12(b)(6), on the grounds that Plaintiff has failed to state sufficient facts to show entitlement to relief on any of her claims for relief.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 9, 2022.

Date:  October 21, 2022                   ADAMSKI MOROSKI MADDEN
                                          CUMBERLAND & GREEN LLP


                                           */s/ Joshua M. George*
                                          Joshua M. George
                                          Chase W. Martin
                                          Attorneys for Defendant, City of San Luis
                                          Obispo

2

1

# TABLE OF CONTENTS

2    I.     INTRODUCTION ....................................................................... 10

3    II.    SUMMARY OF FACTUAL ALLEGATIONS ...................................... 10

4    III.   LEGAL STANDARD ................................................................ 12

5    IV.   LEGAL ARGUMENT ............................................................... 13

6          A.   Defendants Had Authority to Enter Decedent's Home Pursuant to

7              A Search Warrant .......................................................... 13

8          B.   Plaintiff Has Failed to State Sufficient Factual Matters to

9              Allege the Events That Transpired During the Execution

10             of the Search Warrant .................................................... 14

11          C.   Defendant Officers Are Entitled to Qualified Immunity for

12             the Section 1983 Claims ................................................ 17

13          D.   City Cannot Be Held Liable for the Section 1983 Claims

14             Under *Monell* .............................................................. 19

15          E.   There Are No Recoverable Damages for Any of Plaintiff's

16             Survival Claims ............................................................ 23

17          F.   Plaintiff Does Not Have Standing to Bring 42 U.S.C. § 1983

18             Claims in Her Individual Capacity .................................... 23

19             1.    Section 1983 Claims Against Officer Defendants .............. 23

20             2.    Municipal Liability Claims Against Defendants ................ 24

21          G.   Plaintiff Is Not Entitled to Relief for Any of Her Claims .......... 25

22             1.    The 42 U.S.C. § 1983 Claims Against Officer Defendants

23                Fail .................................................................... 25

24             2.    Plaintiff's Due Process Claims Fail ............................. 27

25             3.    Plaintiff's Wrongful Death Claims Fail .......................... 29

26             4.    Plaintiff's Bane Act Claim Fails ................................. 31

27    V.     CONCLUSION ..................................................................... 31

28

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

3

1

# TABLE OF AUTHORITIES

2

**Cases**

3
4

*A.D. v. Cal. Highway Patrol*
    712 F.3d 446 (9th Cir. 2013)........................................................................28

5
6

*Adickes v. S. H. Kress & Co.*
    398 U.S. 144 (1970)....................................................................................19

7
8

*AE ex rel. Hernandez v. County of Tulare*
    666 F.3d 631 (9th Cir. 2012)......................................................................13

9
10

*Albright v. Oliver*
    510 U.S. 266 (1994)....................................................................................27

11
12

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011)....................................................................................17

13
14

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)....................................................................................12

15
16

*Baker v. McCollan*
    443 U.S. 137 (1979)....................................................................................27

17
18

*Barrera-Vasquez v. Cnty. of Riverside*
    2021 U.S. Dist. LEXIS 257941....................................................................22

19
20

*Barsamian v. City of Kingsburg*
    597 F. Supp. 2d 1054 (2009)......................................................................31

21
22

*Bd. of Cty. Comm'rs v. Brown*
    520 U.S. 397 (1997)....................................................................................21

23
24

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)....................................................................................12

25
26

*Brown v. Ransweiler*
    171 Cal.App.4th 516 (2009).......................................................................29

27

*C.B. v. Moreno Valley Unified Sch. Dist.*
    544 F. Supp. 3d 973 (2021)........................................................................22

28

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

*City of Canton, Ohio v. Harris*
  489 U.S. 378 (1989) ................................................................20, 21, 23

*Cunningham v. Gates*
  229 F.3d 1271 (9th Cir. 2000) ................................................................27

*Dist. of Columbia v. Wesby*
  138 S. Ct. 577 (2018) ................................................................17

*Dougherty v. City of Covina*
  654 F.3d 892 (9th Cir. 2011) ................................................................20

*Drake v. Morris Plan Co.*
  53 Cal.App.3d 208 (2d Dist. 1975) ................................................................15

*Edson v. City of Anaheim*
  63 Cal.App.4th 1269 (1998) ................................................................29

*Estate of Angel Lopez v. Torres*
  2016 U.S. Dist. LEXIS 13744 (2016) ................................................................26

*Fed. of African American Contractors v. City of Oakland*
  96 F.3d 1204 (9th Cir. 1996) ................................................................19

*Fogel v. Collins*
  531 F.3d 824 (9th Cir. 2008) ................................................................20

*Foster v. City of Indio*
  908 F.3d 1204 (9th Cir. 2018) ................................................................28

*Garza v. Briones*
  943 F.3d 740 (5th Cir. 2019) ................................................................26

*Glair v. City of LA*
  2018 U.S. Dist. LEXIS 138256 (2018) ................................................................26

*Graham v. Connor*
  490 U.S. 386 (1989) ................................................................16, 25, 27

*Hale v. Vance*
  267 F. Supp. 2d 725 (2003) ................................................................25

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

*Harper v. City of Los Angeles*
   533 F.3d 1010 (9th Cir. 2008)................................................................21

*Hayes v. County of San Diego*
   57 Cal.4th 622 (2013) ........................................................................30

*Herd v. County of San Bernadino*
   311 F. Supp. 3d 1157 (C.D. Cal. 2018) ...................................22, 24, 30

*Hines v. Youseff*
   914 F.3d 1218 (9th Cir. 2019)...............................................................18

*Hoffman v. Jourdan*
   2015 U.S. Dist. LEXIS 143922...............................................................16

*Jackson v. City of Bremerton*
   268 F.3d 646 (9th Cir. 2001)................................................................25

*Jessop v. City of Fresno*
   936 F.3d 937 (9th Cir. 2019)................................................................18

*Jones v. Johnson*
   781 F.2d 769 (9th Cir. 1986)................................................................27

*L.A. Police Protective League v. Gates*
   907 F.2d 879 (9th Cir. 1990)................................................................21

*Lattimore v. Dickey*
   239 Cal.App.4th 959 (2015) .................................................................29

*Locken v. Pierce County*
   1994 U.S. App. LEXIS 23540 (1994)......................................................27

*Lytle v. Carl*
   382 F.3d 978 (9th Cir. 2004).................................................................20

*McGuckin v. Smith*
   974 F.2d 1050 (1992)............................................................................27

*McHenry v. Renne*
   84 F.3d 1172 (9th Cir. 1996)................................................................17

6

*Messerschmidt v. Millender*
   565 U.S. 535 (2012) ................................................................................18

*Mitchell v. Forsyth*
   472 U.S. 511 (1985) ................................................................................17

*Monell v. Dep't of Soc. Servs.*
   436 U.S. 658 (1978) .................................................................13, 19, 20

*Moreland v. Las Vegas Metro. Police Dep't*
   159 F.3d 365 (9th Cir. 1998) ..................................................................24

*Mullenix v. Luna*
   577 U.S. 7 (2015) ...................................................................................18

*Nicholson v. City of L.A.*
   935 F.3d 685 (9th Cir. 2019) ..................................................................18

*Ochoa v. City of Mesa*
   26 F.4th 1050 (9th Cir. 2022) .................................................................28

*Pearson v. Callahan*
   555 U.S. 223 (2009) .........................................................................18, 19

*People v. Allen*
   78 Cal.App.4th 445 (3d Dist. 2000) .......................................................13

*Plumeau v. School Dist. #40*
   130 F.3d 432 (9th Cir. 1997) ..................................................................20

*Price v. Sery*
   513 F.3d 962 (9th Cir. 2008) ..................................................................20

*Quiroz v. Seventh Ave. Center*
   150 Cal.App.4th 1256 (2006) .................................................................29

*Ratliff v. Aransas County, Texas*
   948 F.3d 281 (5th Cir. 2020) ..................................................................26

*Reichle v. Howards*
   566 U.S. 658 (2012) .........................................................................17, 18

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

7

*San Diego Gas & Electric Co. v. Superior Court*
  146 Cal.App.4th 1545 (2007) ...................................................................24, 29

*Saucier v. Katz*
  533 U.S. 194 (2001) .................................................................................17

*Sheehan v. City & Cnty of San Francisco*
  743 F.3d 1211 (9th Cir. 2014)....................................................................22

*Simons v. Marin Cnty.*
  682 F. Supp. 1463 (N.D. Cal. 1987) ...........................................................28

*St. Louis v. Praprotnik*
  485 U.S. 112 (1988) .................................................................................21

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011)....................................................................13

*Trevino v. Gates*
  99 F.3d 911 (9th Cir. 1995)...................................................................20, 21

*Ulrich v. City & County of San Francisco*
  308 F.3d 968 (9th Cir. 2002)......................................................................20

*United States v. Koon*
  34 F.3d 1416 (9th Cir. 1994)................................................................26, 27

*Ventura v. Rutledge*
  978 F.3d 1088 (9th Cir. 2020).....................................................................18

*Vos v. City of Newport Beach*
  892 F.3d 1024 (9th Cir. 2018).....................................................................18

**Statutes**

Cal. Civ Code § 52.1 .................................................................................31

Cal. Civ. Proc. Code § 377.34 ....................................................................23

Cal. Civ. Proc. Code § 377.60 ...............................................................24, 29

Cal. Penal Code § 242 ...............................................................................29

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

Cal. Penal Code § 835a ..................................................................................26, 29

Cal. Penal Code § 1523 ............................................................................13

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF**
**CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

This first amended complaint stems from the execution of a search warrant at Decedent Edward Zamora Giron II's ("Decedent") home, following law enforcement's suspicions that Decedent was involved in a string of commercial burglaries around San Luis Obispo. Plaintiff Caroline Wichman ("Plaintiff") brings multiple causes of action against the City of San Luis Obispo (the "City"), Captain Bryan Amoroso ("Amoroso"), Detective Steve Orozco ("Orozco"), and Chief Rick Scott ("Scott"), in both her successor in interest capacity to Decedent and individually.[1] Defendants absolutely dispute the facts alleged in Plaintiff's complaint and note that they are expressly contradicted by the body camera footage referenced in Plaintiff's complaint. However, even on the face of the complaint and accepting the allegations as true for purposes of this motion to dismiss, Plaintiff's claims clearly fail. Plaintiff's claims regarding execution of the warrant fail because she does not allege that the officers acted in excess of the warrant. Plaintiff's claims of excessive force fail because she does not plead facts with specificity showing a violation. The remainder of the claims fail for similar reasons. As such, Plaintiff has failed to allege facts sufficient to state a cause of action for all claims brought against the Defendants and, as such, the court should grant this motion to dismiss.

**II.   SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff alleges that on May 10, 2021, six officers of the City's Police Department ("SLOPD") and an unknown number of deputies of the County of San Luis Obispo Sheriff's Office executed a search warrant at Decedent's home,

---

[1]  City, Amoroso, Orozco, and Scott shall be referred to collectively as "Defendants." Amoroso, Orozco, and Scott shall be referred to collectively as "Officer Defendants." Plaintiff's FAC uses the term "Officer Defendants" but does not define it, so it is unclear which causes of action are plead against whom.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

located at 3175 Camelia Court, #D, in San Luis Obispo. First Am. Compl. ("FAC") ¶ 31, ECF No. 11. Decedent was suspected in an investigation of numerous commercial burglaries following SLOPD's investigation into the matter. FAC ¶¶ 32, 70-76.

Plaintiff alleges that law enforcement knew of Decedent, as there was a history of documented encounters with Decedent leading back eighteen months prior to the execution of the subject search warrant. FAC ¶ 34. These encounters include welfare checks, a missing person's report, numerous noise complaints, and SLOPD's arrest of Decedent. FAC ¶¶ 55, 58, 61, 62, 63, 64, 66, 67, 68. Plaintiff alleges that these incidents indicated that Decedent was exhibiting signs of mania and paranoia, and that the numerous encounters alerted law enforcement to Decedent's mental illness and a probable Welfare and Institutions Code section 5150 designation. FAC ¶¶ 34, 63, 64, 66, 67.

Plaintiff alleges that following suspicion of Decedent for a string of commercial robberies, Orozco submitted an affidavit in support of an application for the search warrant of Decedent's residence. FAC ¶ 70. On or about May 10, 2021, a search warrant was obtained and executed. FAC ¶¶ 76, 77. While the complaint contains criticism of how the warrant was executed, it does not allege any facts showing that any action of any officer involved was beyond the scope of what was permitted by the warrant. FAC ¶ 77. Plaintiff alleges that "[u]pon gaining entry to the unit Defendant law enforcement officers believed that Mr. Giron was armed with a hunting rifle." FAC ¶ 78. Despite the length of the FAC, it actually contains very limited factual allegations regarding the service of the warrant and use of force in paragraphs 77-79. The FAC later alleges that Decedent was unarmed, or, in the alternative, did not have the mental capacity to know what was going on. FAC ¶ 90. The allegations in the cause of action for excessive force itself consist only of conclusions, such as claims that Defendants "failed to

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

properly plan the service and execution of the warrant," used "improper procedures," and the "Decedent was unarmed, or in the alternative, was emotionally and mentally unstable." FAC ¶ 88-90. The other causes of action against the Officer Defendants contain similarly conclusory information, failing to identify any particular action by any particular defendant. FAC ¶ 97-132. The municipal liability claims are similarly conclusory. FAC ¶¶ 134-164. Similarly, the state law claims merely parrot the previous allegations. FAC ¶¶ 166-192. The FAC alleges that Plaintiff is the mother of the Decedent and that she is bringing this action individually and as a successor in interest to the Decedent. FAC ¶ 1. However, the causes of action do not differentiate between having been brought in either capacity.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if (1) it fails to state sufficient factual matters, which if true, would entitle plaintiff to relief, and (2) if it fails to state facially plausible claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and there is more than a "sheer possibility that the defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Factual allegations must raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

Further, a recitation of the elements of a cause of action without underlying facts and a plausible entitlement to relief is not sufficient. *Twombly*, 556 U.S. at 555. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual

allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). This standard also governs the claims in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), which includes claims that a municipality has a policy, custom, or practice that promotes constitutional violations. *See also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

## IV.   LEGAL ARGUMENT

### A.   Defendants Had Authority to Enter Decedent's Home Pursuant to A Search Warrant

While Plaintiff does not expressly allege that Defendants violated Decedent's Fourth Amendment right to be secure in his person against unreasonable searches and seizures, the FAC contains numerous allegations of actions taken pursuant to that warrant. Despite this, Plaintiff has made no allegations that the search warrant itself was violated or that the Defendants did not have the authority to enter Decedent's residence pursuant to the search warrant. In fact, based on Plaintiff's own allegations, Defendants had judicial authority to enter and search Decedent's residence.

To preserve an individual's Fourth Amendment rights, search warrants are generally required to conduct a search. *See generally People v. Allen*, 78 Cal.App.4th 445 (3d Dist. 2000). "A search warrant is an order in writing, in the name of the people, signed by a magistrate, directed to a peace officer, commanding him or her to search for a person or persons, a thing or things, or personal property, and, in the case of a thing or things or personal property, bring the same before the magistrate." Cal. Penal Code § 1523.

Plaintiff alleges that Orozco submitted an affidavit in support of an application for a search warrant of the Decedent's premises. FAC ¶ 70. Plaintiff

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

13

further alleges that a search warrant was obtained on May 10, 2021. FAC ¶ 76. Thus, the Officer Defendants had judicial authority to be at Decedent's residence, as it was the subject of the warrant. Plaintiff alleges that instead of implementing CIT or PERT, the Officer Defendants "forced open the front door" of Decedent's residence. FAC ¶ 77. Although it appears Plaintiff is alleging that Officer Defendants should not have forced open the door, there are no factual allegations to support this assertion. In other words, Plaintiff does not allege facts showing that this action was not permitted by the warrant.

Pursuant to the search warrant, the Officer Defendants had the right to be at Decedent's residence and they had the judicial authority to enter. To the extent that Decedent is attempting to allege that the Officer Defendants did not have the authority to enter the home, she has failed to allege any facts that would show the Officer Defendants lacked such authority. Plaintiff has failed to allege what type of warrant was issued and other facts surrounding the circumstances of the Officer Defendants' entry. In fact, based on her own allegations, which are minimal, the Officer Defendants were granted a search warrant, which gave them the authority to enter Decedent's residence. As such, Plaintiff's complaint cannot rely on claims based on actions taken by officers pursuant to a valid warrant.

**B.** **Plaintiff Has Failed to State Sufficient Factual Matters to Allege the Events That Transpired During the Execution of the Search Warrant**

Plaintiff alleges numerous claims for relief, all premised on the events that transpired once the Officer Defendants entered Decedent's residence, in accordance with the search warrant. However, aside from her conclusory and speculative claims, Plaintiff has alleged little to no facts regarding what transpired, or what actions were taken by any specific Officer Defendants, when they served the search warrant. In fact, Plaintiff's own allegations indicate that she

14

does not know what transpired. The Officer Defendants cannot be expected to defend themselves against allegations without fair notice of the underlying facts on which Plaintiff bases the claims for relief.

Plaintiff alleges that, upon entry, the first officers that entered Decedent's residence announced that Decedent was armed, prompting the other officers to assemble at the perimeter of the home. FAC ¶ 3. Plaintiff acknowledges that Decedent owned three hunting rifles, indicating that it was reasonable for officers to believe he was armed. FAC ¶ 78. Plaintiff further alleges that the officers did actually believe that the Decedent was armed. FAC ¶ 78. Plaintiff further alleges that the officers immediately began shooting upon entry. FAC ¶ 3. However, Plaintiff fails to allege who shot first, or why the shooting started in the first place. Plaintiff states that the officers contend that Decedent shot two officers, before shooting himself, but fails to allege any other facts regarding this contention. FAC ¶ 78. She also alleges that Decedent was shot fourteen times. FAC ¶ 83. Plaintiff further alleges that Decedent was unarmed, "*or in the alternative* the Decedent was emotionally and mentally unstable at the time [of the incident] and required the intervention of PERT/CIT to de-escalate the situation." FAC ¶ 90 (emphasis added). Plaintiff cannot allege alternative facts in the FAC. *See Drake v. Morris Plan Co.*, 53 Cal.App.3d 208, 210-211 (2d Dist. 1975) (generally, pleading facts in the alternative is not permitted, as the defendant is entitled to distinct statement of facts claimed by plaintiff to exist). Decedent was either armed or not. Plaintiff's pleading of alternative facts indicates that Plaintiff is not aware of what transpired during those events, making her claims speculative and conclusory.[2]

---

[2] Defendants anticipate that Plaintiff will argue that she has not had access to materials such as body camera footage and, as such, should be permitted to plead with vagaries. As detailed in the declaration of David Kaufman, filed in support of his motion to withdraw from representation of Plaintiff, counsel for Plaintiff has, in fact, reviewed video of the incident.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

15

The case of *Hoffman v. Jourdan*, 2015 U.S. Dist. LEXIS 143922, is instructive. In *Hoffman*, the plaintiff alleged that the defendant police officers broke down her motel room door and punched her four times in the face, tasered her and jumped on top of her. *Id*. at *1-2. Plaintiff also claimed that she was later assaulted again in the hospital by an officer, and that she suffered a broken left eye orbital bone and nose and sustained long-term jaw, spine and brain injuries, among other injuries, from the taser. *Id*. at *2. The defendant officers filed a motion to dismiss the resulting excessive force claims under 42 U.S.C. § 1983. *Id*. at *3. In reviewing the motion, the court noted the applicable reasonableness standards under *Graham v. Connor*, 490 U.S. 386 (1989), and then noted that, "defendants contend that plaintiff failed to allege a proper factual foundation concerning the circumstances surrounding the police entry into the motel room, including plaintiff's own actions, specifically her response to the entry by defendants and their use of force, and how the incident was resolved." *Id*. at *6. The court noted that plaintiff's injuries resulting from the alleged facts, taken as true, could suggest the use of excessive force, but noted that, "defendants are correct that plaintiff failed to provide a sufficient factual context to demonstrate that defendants' actions were objectively unreasonable in light of the circumstances." *Id*. at *6-7. The court found that, "[b]ecause plaintiff failed to fully set forth the circumstances surrounding this incident, including her own actions, the court is unable to evaluate the totality of the circumstances, or determine whether defendants' actions were objectively reasonable in light of such circumstances." *Id*. at *7.

Although her complaint is quite detailed regarding Decedent's past, prior to reaching the seminal moment where the execution of the search warrant is alleged, Plaintiff fails to allege facts with specificity to show what transpired during the incident. In fact, as in *Hoffman*, Plaintiff fails to allege any facts as to Decedent's

16

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1   actions during the incident. Plaintiff also fails to allege any facts as to what
2   actions may or may not have been taken by any particular Officer Defendant.
3   There is no way, based on Plaintiff's allegations, to know what happened once the
4   Officer Defendants entered Decedent's residence. A complaint must make clear
5   "who is being sued, for what relief, and on what theory, with enough detail to
6   guide discovery." *McHenry v. Renne* 84 F.3d 1172, 1177-78 (9th Cir. 1996). In
7   *McHenry*, the Ninth Circuit upheld the dismissal of a 53-page complaint that
8   mixed "allegations of relevant facts, irrelevant facts, political argument and legal
9   argument in a confusing way." *Id.* at 1174.  A complaint should be a short plain
10  statement identifying particular non-conclusory allegations of fact. *Id.* at 1178.
11  Each claim in the present FAC fails, due to Plaintiff's failure to state sufficient
12  facts as to each Defendant to evidence the Decedent was, or Plaintiff is, entitled to
13  relief.  The FAC must be dismissed.

14      **C.    Defendant Officers Are Entitled to Qualified Immunity for the**
15              **Section 1983 Claims**

16          Further, the Officer Defendant are entitled to qualified immunity for their
17  actions in enforcing the search warrant. The doctrine of qualified immunity
18  provides government officials with "an entitlement not to stand trial or face the
19  other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This
20  privilege "is an immunity from suit rather than a mere defense to liability."
21  *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quotation and emphasis omitted). Such
22  immunity "shields government officials from civil damages liability unless the
23  official violated a statutory or constitutional right that was clearly established at
24  the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664
25  (2012). "When properly applied, [qualified immunity] protects all but the plainly
26  incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563
27  U.S. 731, 743 (2011); *Dist. of Columbia v. Wesby*, 138 S. Ct. 577 (2018) (same).
28

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

In analyzing a claim of qualified immunity, a federal court must decide whether: (1) "the facts that a plaintiff has alleged [ ] or shown [ ] make out a violation of a constitutional right"; and (2) "whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quotation omitted); *Jessop v. City of Fresno*, 936 F.3d 937 (9th Cir. 2019) (same, concluding that qualified immunity protected police who allegedly stole property during execution of a search warrant). A district court "may consider the two questions in any order." *Ventura v. Rutledge*, 978 F.3d 1088, 1091 (9th Cir. 2020).

To be clearly established, "a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle*, 566 U.S. at 664. This requires demonstrating that the law prohibited the "particular conduct" in the "specific context of the case" at issue. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "What matters is whether existing precedent" establishes the right "beyond debate" so that there is a "clear or obvious violation" of the Constitution. *Hines v. Youseff*, 914 F.3d 1218, 1230 (9th Cir. 2019) (quoting *al-Kidd*). Qualified immunity focuses on whether the officer "had fair notice" of that potential violation. *Nicholson v. City of L.A.*, 935 F.3d 685, 690 (9th Cir. 2019); *Ventura*, 978 F.3d at 1088 (an officer is entitled to qualified immunity unless precedent from other cases "squarely govern" relevant conduct). A plaintiff "bears the burden of showing that the rights allegedly violated were clearly established." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018).

Law enforcement officers are entitled to qualified immunity when enforcing a search warrant, which is the foundation for Plaintiff's § 1983 claims. *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, a fact

18

that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put in, 'objective good faith.'"). Even if Plaintiff had pled facts sufficient to establish the liability of the Officer Defendant, which she has failed to do, the Officer Defendant are entitled to qualified immunity unless Plaintiff can identify judicial decisions clearly establishing her claims. *Pearson*, 555 U.S. at 232. Plaintiff has failed to identify any such decisions.

    **D.**    **City Cannot Be Held Liable for the Section 1983 Claims Under** ***Monell***

    Plaintiff brings three claims for municipal liability against Defendants for ratification, failure to train, and unconstitutional policy or custom. It is well established that a municipality cannot be held liable for the tortious conduct of its employees under § 1983 on a respondeat superior theory. *Monell,* 436 U.S. at 658, 691. "Federal case law has long barred respondeat superior liability against state actors in suits brought under 42 U.S.C. § 1983." *Fed. of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996). A municipality may be liable only where "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell,* 436 U.S. at 694. "Congress included customs and usages [in § 1983] because of the persistent and widespread discriminatory practices of state officials . . . . Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage.'" *Monell*, 436 U.S. at 690-691 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-168 (1970).

    As established by *Monell* and its progeny, the City "may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the [City] can be shown to be a moving force behind a violation of constitutional rights."

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF**
**CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

*Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). Thus, to establish the City's liability under *Monell*, plaintiff must allege and prove:  "(1) that [he] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to [his] constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Id.* (second alteration in original) (quoting *Plumeau v. School Dist. #40*, 130 F.3d 432, 438 (9th Cir. 1997)). Consequently, there can be no liability unless the City had a policy that was the "moving force" behind the violation of Decedent's constitutional rights. *See id.* at 900-01.

Municipal liability under *Monell* may be premised on:  (1) conduct pursuant to an expressly adopted official policy; (2) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (3) a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (4) an official with final policymaking authority either delegating that authority to, or ratifying the decision of, a subordinate. *See Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004); *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984-85 (9th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1995).

A "policy" is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" for purposes of municipal liability is a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or

usage with the force of law. *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *L.A. Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918.

It is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with "deliberate indifference to the constitutional rights" of plaintiff and others with whom officers deal. *Canton*, 489 U.S. at 392. The objective deliberate indifference standard is met when a "plaintiff [ ] establish[es] that the facts available to [entity] policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." *Id.* at 396.

After proving one of the above theories of liability, the plaintiff must show that challenged municipal conduct was both the cause in fact and the proximate cause of the constitutional deprivation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008); *Canton*, 489 U.S. at 385 (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation"); *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (plaintiff must show "deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights").

There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Canton,* 489 U.S. 378, 385. It is not enough for a plaintiff to merely allege that there was such a policy. Plaintiff fails to allege any facts relating to a City policy, custom, or practice that was the driving force behind the Officer Defendants' alleged excessive force used against

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

21

1    Decedent. Plaintiff merely states conclusory allegations of purported policies,

2    with no facts showing any such policies, customs, or practices exist.

3    Additionally, Plaintiff cannot show a direct causal link between these alleged

4    policies and a constitutional violation because, as discussed herein, Plaintiff has

5    failed to allege facts to evidence any violation occurred.

6        As to Plaintiff's ratification claim, she has not met the required elements. In

7    order to succeed on a ratification claim, a plaintiff must (1) identify an official

8    with final policy making authority; and (2) demonstrate ratification, meaning that

9    "[t]he policy maker must have knowledge of the constitutional violation and

10   actually approve of it; a mere failure to overrule a subordinate's action, without

11   more, is insufficient to support a 1983 claim." *Barrera-Vasquez v. Cnty. of*

12   *Riverside*, 2021 U.S. Dist. LEXIS 257941, at *12, citing *Herd v. County of San*

13   *Bernadino*, 311 F. Supp. 3d 1157, 1169 (C.D. Cal. 2018). "Ratification requires a

14   'deliberate choice to endorse,' rather than just 'acquiescence.'" *Id.*, citing *Sheehan*

15   *v. City & Cnty of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014). Here,

16   Plaintiff has failed to demonstrate ratification. In fact, Plaintiff has failed to

17   demonstrate there was any constitutional violation in the first place. Thus,

18   Defendants Amoroso, Scott, and the City cannot be liable for ratification of

19   actions that did not violate Decedent's constitutional rights.

20       Finally, Plaintiff's failure to train claim also fails. To state a failure to train

21   claim, a plaintiff must allege (1) there was a deprivation of a constitutional right,

22   (2) the city had a training policy that amounted to deliberate indifference to

23   individual's rights, and (3) the constitutional injury would have been avoided if

24   officers were properly trained. *Barrera-Vasquez*, at *14-15, citing *C.B. v. Moreno*

25   *Valley Unified Sch. Dist.*, 544 F. Supp. 3d 973, 991 (2021). "[I]nadequacy of

26   police training may serve as the basis for 1983 liability only where the failure to

27   train amounts to deliberate indifference to the rights of persons with whom the

28

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

police come into contact with." *Canton,* 489 U.S. at 388 (the court noted that this rule is consistent with the ruling in *Monell*). Here, Plaintiff fails to identify any of the City's training policies, and the allegations are merely conclusory recitations of the elements for this claim of relief.

The City is immune from § 1983 liability under *Monell* because Plaintiff has failed to identify unconstitutional polices, has failed to demonstrate any violation of Decedent's rights occurred, and has failed to state any facts supporting her contentions.

**E.     There Are No Recoverable Damages for Any of Plaintiff's Survival Claims**

Plaintiff brings her first, second, third, fourth, fifth, ninth, tenth and eleventh claims for relief in her successor in interest capacity and seeks survival damages. However, there are no recoverable damages for these claims for relief. In a survival action, "the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death." Cal. Civ. Proc. Code § 377.34(a). Decedent suffered no damages due to the simple fact that he died immediately from his injuries. There were no medical expenses, lost wages, or loss of earning capacity of Decedent from the time the search warrant was executed to Decedent's death. Thus, Decedent suffered no damages before his death and, therefore, Plaintiff cannot recover survival damages.

**F.     Plaintiff Does Not Have Standing to Bring 42 U.S.C. § 1983 Claims in Her Individual Capacity**

**1.     *Section 1983 Claims Against Officer Defendants.***

Plaintiff brings five causes of action against Officer Defendants under 42 U.S.C. § 1983. In addition to failure of the claims based on the pleadings, Plaintiff cannot bring them in her individual capacity. "The United States Supreme Court has held that constitutional rights under 42 U.S.C. 1983 are personal to the

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

individual and may not be asserted by a third party." *Herd v. Cty of San Bernardino*, 311 F. Supp. 3d at 1163; *see also Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 369 (9th Cir. 1998) ("[O]nly the person whose Fourth Amendment rights were violated can sue to vindicate those rights.") However, Plaintiff seeks wrongful death damages under each of these causes of action. Wrongful death actions involve claims by a decedent's heirs **to recover for their own injuries** suffered due to decedent's death. Cal. Civ. Proc. Code § 377.60; *San Diego Gas & Electric Co. v. Superior Court*, 146 Cal.App.4th 1545, 1550-1551 (2007). Wrongful death damages are personal to Plaintiff. Thus, in addition to her successor in interest claims, Plaintiff brings her first, second, third, fourth, and fifth causes of action for excessive force, integral participation, failure to intervene, denial of medical care, and due process in her individual capacity, and is barred from doing so.

Additionally, Plaintiff alleges that she "brings this suit in both her individual and representative capacity as a successor in interest pursuant to California Code of Civil Procedure § 377.60(a)," which is the wrongful death statute. FAC ¶ 7. Plaintiff makes no mention of bringing this action under the survival action statute, thus completely barring her § 1983 claims.

## 2. *Municipal Liability Claims Against Defendants.*

Plaintiff also brings three § 1983 causes of action for municipal liability against the Defendants. In addition to the failure of the municipal liability claims, Plaintiff does not have standing to bring these claims. Plaintiff brings these claims in her individual capacity, seeking wrongful death damages, and is thus barred from bringing her sixth, seventh, and eighth claims for relief for inadequate training, ratification, and unconstitutional custom, practice, or policy. These claims for relief must be dismissed in their entirety.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**G.    Plaintiff Is Not Entitled to Relief for Any of Her Claims**

    **1.    *The 42 U.S.C. § 1983 Claims Against Officer Defendants Fail.***

Plaintiff brings claims for relief against Officer Defendants for excessive force, integral participation, failure to intervene, and denial of medical care. The basis for all of the claims are the events that transpired during the execution of the search warrant. As discussed herein, Plaintiff has failed to allege sufficient facts regarding the incident, thus necessitating dismissal of the claims. However, even looking at the minimal facts that Plaintiff alleged, there are no facts that indicate the Defendant Officers acted unreasonably. For a plaintiff to succeed on a § 1983 claim, they must prove, "(1) he was deprived of a right secured by the Constitution or U.S. laws; and (2) he was subjected to the deprivation by a person acting under the color of state law." *Hale v. Vance*, 267 F. Supp. 2d 725, 730 (2003). Plaintiff attempts to allege that Officer Defendants violated his rights through excessive force. The analysis for excessive force informs the analysis for the other § 1983 claims.

Under the Fourth Amendment, officers may only use "reasonable force" under the circumstances. *Graham v. Connor*, 490 U.S. at 386. "To determine whether the force used was reasonable, courts balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Jackson v. City of Bremerton*, 268 F.3d 646 (9th Cir. 2001), citing *Graham*, at 396. "[T]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham*, at 396-97. "To establish a claim of excessive force, a plaintiff must establish (1) [an] injury (2) which resulted directly and only from

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

1
2
3

a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ratliff v. Aransas County, Texas*, 948 F.3d 281, 287 (5th Cir. 2020), citing *Garza v. Briones*, 943 F.3d 740 (5th Cir. 2019).

4
5
6
7
8
9
10
11
12
13
14
15
16

As discussed herein, there are little to no facts to look to in order to determine whether the Officer Defendants' actions were unreasonable. However, based on Plaintiff's own allegations, the Officer Defendants possessed a valid search warrant, believed Decedent was armed, and believed he had shot two fellow officers. A reasonable person would have believed that there was an immediate threat to himself or to the other officers executing the search warrant. Cal. Penal Code § 835a(b) (officers may use objectively reasonable force to overcome resistance); Cal. Penal Code § 835a(c) (officers are justified in using deadly force when "officer reasonably believes, based on totality of the circumstances, that such force is necessary . . . to defend against an imminent threat of death or serious bodily injury to the officer or to another person."). Plaintiff has failed to allege sufficient facts to show that the Officer Defendants acted unreasonably or violated Decedent's constitutional rights.

17
18
19
20
21
22
23
24
25
26
27

Plaintiff's claims for integral participation and failure to intervene fail based on the same defects. To be liable for integral participation, the officers must have some fundamental involvement in the alleged *unlawful conduct*. *Estate of Angel Lopez v. Torres*, 2016 U.S. Dist. LEXIS 13744, at *14 (2016). As discussed herein, Plaintiff has failed to allege any facts beyond her speculative and conclusory contentions that any unlawful conduct occurred during the execution of the search warrant. Similarly, a failure to intervene claim is "analytically the same" as the underlying violation. *Glair v. City of LA,* 2018 U.S. Dist. LEXIS 138256, at *12 (2018), citing *United States v. Koon,* 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996). Generally, "police officers have a duty to intercede when their fellow officers violate the

28

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP<br>Attorneys at Law

26

constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), citing *Koon*, at 1447 n.25. Again, there have been no facts alleged that evidence that Officer Defendants violated Decedent's constitutional rights.

In order to prevail on a Fourteenth Amendment claim for inadequate medical care, a pretrial detainee must show that the defendants exhibited deliberate indifference to his serious medical needs. *Locken v. Pierce County*, 1994 U.S. App. LEXIS 23540, at *12 (1994) (a nine-minute delay in providing medical care was de minimus); citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (1992); *Jones v. Johnson,* 781 F.2d 769, 771 (9th Cir. 1986). To determine deliberate indifference, the court must focus on the seriousness of the individual's medical needs and the nature of the defendant's response to that need. *Locken*, at *12. Here, Plaintiff has not alleged any facts surrounding Decedent's need for medical care besides the allegation that he had been shot 14 times. However, Plaintiff also alleges that Decedent was killed on the scene, indicating that no medical care was necessary. Plaintiff's § 1983 claims must be dismissed.

## 2.    *Plaintiff's Due Process Claims Fail.*

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144, n.3 (1979)). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271. "Where a particular Amendment 'provides an explicit textual source of constitutional protection'" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide of analyzing these claims." *Id.* at 273 (quoting *Graham*, 490 U.S. at 395).

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1      "Failure to observe the requirements of the fourth amendment will not

2  support an independent claim for a failure of due process, particularly in this case,

3  where the facts supporting each claim are identical." *Simons v. Marin Cnty.*, 682

4  F. Supp. 1463, 1470 (N.D. Cal. 1987). "If the fourth amendment, which

5  specifically governs the standards of arrest has not been breached, neither will the

6  plaintiff be able to state a claim under the more general fourteenth amendment

7  standard." *Id.*

8      "In the Fourteenth Amendment context, it has been clearly established since

9  1998 'that a police officer violates the Fourteenth Amendment due process clause

10 if he kills a suspect when acting with the purpose to harm, unrelated to a

11 legitimate law enforcement objective.'" *Foster v. City of Indio,* 908 F.3d 1204,

12 1211(9th Cir. 2018); citing *A.D. v. Cal. Highway Patrol,* 712 F.3d 446, 450 (9th

13 Cir. 2013). Legitimate law enforcement objectives include "arrest, self-protection,

14 and protection of the public." *Foster,* at 1211; *see also Ochoa v. City of Mesa*, 26

15 F.4th 1050, 1057 (9th Cir. 2022). Police officers lack the required legitimate

16 objective when they have "'had any ulterior motives for using force'" against the

17 individual, such as bullying the individual, or when the suspect is clearly subdued

18 or harmless. *Foster,* at 1211.

19     Here, Officer Defendants had a legitimate law enforcement objective when

20 searching the home and they had a valid search warrant. FAC ¶ 3. Further, the

21 Officer Defendants believed Decedent was armed and that he had shot two of their

22 own. FAC ¶¶ 3, 78.  The Officer Defendants' only choice was to act in "self-

23 protection." More to the point, Plaintiff has failed to allege any facts that indicate

24 that Defendant Officers had ulterior motives when executing the search warrant.

25 Thus, Officer Defendants did not violate Decedent's due process rights.

26     Plaintiff also alleges that Defendants violated her due process rights by

27 interfering with her familial relationship with Decedent. FAC ¶ 123. As with

28

Decedent's due process rights, Plaintiff has failed to allege that Officer Defendants acted with an ulterior motive, not related to a legitimate law enforcement objective. Thus, Plaintiff's individual claim fails as well.

### 3.   Plaintiff's Wrongful Death Claims Fail.

Wrongful death actions involve claims by a decedent's heirs **to recover for their own injuries** suffered due to a decedent's death. Cal. Civ. Proc. Code § 377.60; *San Diego Gas & Electric Co.*, 146 Cal.App.4th at 1550-1551. "'The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs.'" *Lattimore v. Dickey*, 239 Cal.App.4th 959, 968 (2015), citing *Quiroz v. Seventh Ave. Center*, 150 Cal.App.4th 1256, 1263 (2006).

### a.   Plaintiff's Battery Claim Fails

A battery is a "willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242. "A state law battery claim is a counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the peace officer's use of force was unreasonable." *Brown v. Ransweiler*, 171 Cal.App.4th 516, 528 (2009); *see also Edson v. City of Anaheim* 63 Cal.App.4th 1269, 1272 (1998). We look to whether the officer's actions were objectively reasonable given the circumstances. *Brown*, at 528.  "The test is 'highly deferential to the police officer's need to protect himself and others.'" *Id*. As discussed herein, officers may use reasonable force or deadly force to defend against imminent threats of death or serious bodily injury. Cal. Penal Code § 835a(b), (c). Plaintiff has not alleged any facts with specificity to show that Officer Defendants' actions were unreasonable, as there was a reasonable belief that Decedent was an imminent threat to the officers on the scene. Thus, Plaintiff has not alleged facts sufficient to constitute a cause of action for battery against the Defendants and, as a result, her wrongful death claim fails.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

### b. Plaintiff's Negligence Claims Fails

The elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate cause of plaintiff's injury; and (4) actual loss occurred as a result of the breach. *Hayes v. County of San Diego*, 57 Cal.4th 622, 629 (2013). California courts have long recognized that officers owe a duty to act reasonably when using deadly force. *Id*. "The reasonableness of an officer's conduct is determined in light of the totality of circumstances." *Id*.

Again, looking at the minimal facts that Plaintiff has alleged, they are not sufficient to establish a claim of negligence against the Defendants. The Officer Defendants had the authority to enter and search Decedent's home pursuant to a valid search warrant. Plaintiff has failed to allege any facts with specificity that indicate what occurred once the Defendants entered the residence. Additionally, while courts can look to officers' pre-shooting conduct when analyzing a negligence claim, they can only do so while analyzing the totality of the circumstances to determine reasonableness. *Hayes*, 57 Cal.4th at 632. Of course, "[l]aw enforcement personnel have a degree of discretion as to how they choose to address a particular situation." *Id*. As with the other claims, Plaintiff has failed to allege any facts that indicate, when looking at the totality of the circumstances, that the Defendants were acting unreasonably. Thus, Decedent would not have been entitled to relief for negligence.

It appears that Plaintiff also brings a claim for negligence in her individual capacity. "To prevail on her negligence claim, Plaintiff must allege that Defendants owed her a legal duty, that they breached that duty, and that the breach was a proximate or legal cause of her injuries." *Herd v. City of San Bernadino*, 311 F. Supp. 3d at 1169. In *Herd*, a plaintiff brought a claim for negligence individually and as a decedent's successor in interest. *Id*. The court found that the

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1  plaintiff's individual claim for negligence was to be dismissed because all of the

2  allegations pertained to a duty owed to another plaintiff and the decedent, not to

3  her. Similarly, Plaintiff's allegations to support her claim only pertain to

4  Decedent, not to Plaintiff. Plaintiff's individual negligence claim must be

5  dismissed.

### 4.     Plaintiff's Bane Act Claim Fails

7        Pursuant to Civil Code Section 52.1, if a person "interferes by threat,

8  intimidation, or coercion" with an individual's constitutional rights, they may be

9  liable under the Bane Act. "The word 'interferes' as used in [52.1] means

10  'violates.'" *Barsamian v. City of Kingsburg*, 597 F. Supp. 2d 1054, 1064 (2009).

11  To succeed on a Bane Act claim, a plaintiff must prove that (1) by "threats,

12  intimidation or coercion," defendant caused plaintiff to believe that if he exercised

13  his right, defendant would commit violence against him and defendant had the

14  apparent ability to carry out the threats; (2) that defendant intended to deprive

15  plaintiff of his rights; (3) plaintiff was harmed; and defendant's conduct was a

16  substantial factor in causing that harm. Cal. Civ Code § 52.1. As discussed herein,

17  Plaintiff has failed to state facts that show the Defendants' actions while executing

18  or leading up to the search warrant were an unreasonable violation of Decedent's

19  constitutional rights. Thus, Plaintiff has failed to allege a Bane Act claim against

20  Defendants.

## V.     CONCLUSION

22        The mere fact that a complaint is lengthy does not mean that it states facts

23  sufficient to constitute a cause of action. In this case, Plaintiff's FAC fails to

24  allege sufficient facts to show that the Defendants did not have the authority to

25  search Decedent's residence and fails to state facts to indicate what transpired

26  during the execution of the search warrant. Because that event is the foundation

27  for all of Plaintiff's claims for relief against the City and Officer Defendants, the

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

claims fail. Additionally, the FAC consists of legal conclusions and speculative allegations, and is devoid of sufficient allegations. Accordingly, Defendants respectfully request that this court grant this motion as to each of Plaintiff's claims for relief against Defendants.

Date:  October 21, 2022          ADAMSKI MOROSKI MADDEN
                                 CUMBERLAND & GREEN LLP


                                  /s/ Joshua M. George
                                 Joshua M. George
                                 Chase W. Martin
                                 Attorneys for Defendant, City of San Luis
                                 Obispo

L:\DMC ACTIVE CLIENT CASES\Wichman v. City of SLO\Pleadings\MTD-FAC.doc

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**