1  Douglas C. Smith, Esq. (State Bar No.160013)
   dsmith@smitlaw.com
2  Christopher P. Romero, Esq. (State Bar No. 270705)
   cromero@smitlaw.com
3  SMITH LAW OFFICES, LLP
   4001 Eleventh Street
4  Riverside, California 92501
   Telephone: (951) 509-1355
5  Facsimile: (951) 509-1356

6  Attorney for Defendants
   COUNTY OF SAN LUIS OBISPO and IAN PARKINSON
7

8              UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 Caroline Wichman, individually and as    )  CASE NO.: 2:22-cv-03156-DMG
   successor in interest to Edward Zamora    )  (RAOx)
12 Giron II, deceased,                       )
                                             )  **DEFENDANTS COUNTY OF**
13                          Plaintiff,       )  **SAN LUIS OBISPO AND IAN**
                                             )  **PARKINSON'S NOTICE OF**
14              vs.                          )  **MOTION AND MOTION TO**
                                             )  **DISMISS PLAINTIFF'S FIRST**
15 CITY OF SAN LUIS OBISPO, a               )  **AMENDED COMPLAINT;**
   municipal entity; COUNTY OF SAN          )  **MEMORANDUM OF POINTS &**
16 LUIS OBISPO, a municipal entity;         )  **AUTHORITIES; AND**
   BRYAN AMOROSO, an individual;            )  **[PROPOSED] ORDER**
17 STEVE OROZCO, an individual; IAN         )
   PARKINSON, an individual; RICK           )  DATE:      12/2/22
18 SCOTT; and DOES 1-25, inclusive,         )  TIME:      9:30 a.m.
                                             )  CTRM:      8C
19                          Defendants.      )
   _____  )
20                                           )  *Complaint filed 5/9/22*
                                                *First Amended Complaint 7/23/22*
21

22      TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

23      PLEASE TAKE NOTICE that on December 2, 2022 at 9:30 a.m. in

24 Courtroom 8C of the United States District Court for the Central District of

25 California, located at 350 West 1st Street, Los Angeles, California 90012,

26 Defendants COUNTY OF SAN LUIS OBISPO and IAN PARKINSON will and

27 hereby do move to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  to Federal Rules of Civil Procedure, Rule 12(b)(6), for failure to state a claim.

2          Specifically, Defendants County and Parkinson move to dismiss Plaintiff's

3  FAC on the following grounds:

4          ●      Plaintiff's claims regarding execution of the warrant fail because she

5                 does not allege that the officers acted in excess of the warrant.

6          ●      All of Plaintiff's claims fail because they do not provide fair notice of

7                 the grounds for the claims made.

8          ●      Plaintiff's Monell claims fail because they are based on isolated

9                 events, facts alleged do not demonstrate deliberate

10                indifference/choice, and facts alleged do not establish causation.

11         ●      Plaintiff's negligence claim fails because it is vague.

12         ●      There are no recoverable damages for any of plaintiff's survival

13                claims, and Plaintiff does not have standing to bring 42 U.S.C. § 1983

14                claims in her individual capacity.

15         This Motion is based on this notice, the attached Memorandum of Points

16 and Authorities, the documents and pleadings on file with this Court, any other

17 matters on which this Court may take judicial notice, and the arguments of counsel

18 at the hearing on this matter.

19         This motion is made following the conference of counsel pursuant to L.R.

20 7-3, which took place on August 9, 2022.

21 DATED:  October 24, 2022              SMITH LAW OFFICES, LLP

22                                       *Christopher Romero*
                                       By
23                                         Douglas C. Smith
                                          Christopher P. Romero
24                                         Attorneys for Defendants
                                          COUNTY OF SAN LUIS OBISPO and
25                                         IAN PARKINSON

26

27

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . 1

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  SUMMARY OF FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . 1

III. LEGAL AUTHORITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    Defendants Had Authority to Enter Decedent's Home Pursuant to A Search Warrant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    Plaintiff's Claims Fail to State a Claim upon Which Relief Can Be Granted Because They Combine All Defendants And Do Not Provide Fair Notice of the Grounds for the Claims Made . . . . . . . . . . . . . . . . 4

    C.    Plaintiff's Monell Claims Fail to State a Claim upon Which Relief Can Be Granted, Because They Are Based on Isolated Events, Facts Alleged Do Not Demonstrate Deliberate Indifference/choice, and Facts Alleged Do Not Establish Causation . . . . . . . . . . . . . . . . . . . . . 8

    D.    Plaintiff's Negligence Claims Does Not State a Claim on Which Relief Can Be Granted Because Her Negligence Claim Is Vague . . 10

    E.    There Are No Recoverable Damages for Any of Plaintiff's Survival Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    F.    Plaintiff Does Not Have Standing to Bring 42 U.S.C. § 1983 Claims in Her Individual Capacity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

## TABLE OF AUTHORITIES

2

**Federal Cases**

3 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) . . . . . . . . . 3

4 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) . . . . . . . . . . . 3, 9

5 Bell Atlantic Corp. 550 U.S. at 555-557, 570 . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

6 Chan v Chancelor, 09cv1839-AJB CAB, 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7 City of Canton v. Harris, 489 U.S. 378, 390-91 (1989). . . . . . . . . . . . . . . . . . . . . 8

8 Eunice v. U.S. (S.D. Cal., Feb. 26, 2013, 12CV1635-GPC BGS) 2013 . . . . . . . . 4

9 Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). . . . . . . . . 10

10 Herd v. County of San Bernadino, 311 F. Supp. 3d 1157, 1163 . . . . . . . . . . . . . 13

11 Kelley v. Rambus, Inc., No. C 07-01238JF, 2007 . . . . . . . . . . . . . . . . . . . . . . . . .  5

12 Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) . . . . . . . . . . . . . . 8

13 Monell v. Dep't of Soc. Servs. of City of New York, 436U.S. 658,

14       690-91 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

15 Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998). 13

16 San Diego Gas & Electric Co. v. Superior Court, 146 Cal.App.4th 1545,

17       1550-1551 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18 Sheehan v. City & Cnty of San Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014). 10

19 Tatone v. SunTrust Mortg., Inc., 857 F.Supp.2d 821, 831 . . . . . . . . . . . . . . . . . . 5

20 Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . 8

21

**State Cases**

22 Barrera-Vasquez v. Cnty. of Riverside, 2021 . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

23 Hayes v. County of San Diego, 57 Cal.4th 622, 629 (2013) . . . . . . . . . . . . . . . . 11

24 People v. Allen, 78 Cal.App.4th 445 (3d Dist. 2000) . . . . . . . . . . . . . . . . . . . . . . 4

25

**Statutes**

26 Government Code §814 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

27 Government Code § 820(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION**
**TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Government Code § 820.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This First Amended Complaint ("FAC") stems from the execution of a search warrant at Decedent Edward Zamora Giron II's ("Decedent") home, following law enforcement's suspicions that Decedent was involved in a string of commercial burglaries around San Luis Obispo. Plaintiff Caroline Wichman ("Plaintiff") brings multiple causes of action against County of San Luis Obispo ("County"), and its Sheriff, Defendant Ian Parkinson, in her capacity as successor in interest Decedent and individually.  Moving Defendants dispute the facts alleged in Plaintiff's FAC.

Plaintiff's claims regarding execution of the warrant fail because she does not allege that the officers acted in excess of the warrant.  All of Plaintiff's claims fail because they do not provide fair notice of the grounds for the claims made. Plaintiff's Monell claims fail because they are based on isolated events, facts alleged do not demonstrate deliberate indifference/choice, and facts alleged do not establish causation.

Plaintiff's negligence claim fails because it is vague.  In addition, there are no recoverable damages for any of Plaintiff's survival claims, and Plaintiff does not have standing to bring 42 U.S.C. § 1983 claims in her individual capacity.

As such, Plaintiff has failed to state a claim on which relief can be granted, and the Court should grant this motion to dismiss.

## II.

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff alleges that on May 10, 2021, "six officers of the City's Police Department [("SLOPD")] and officers from the County of San Luis Obispo Sheriff's Department [("SLOSD")] executed a search warrant" at Decedent's

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   home, located at 3175 Camelia Court, #D, in San Luis Obispo.  Plaintiff's First

2   Amended Complaint ("FAC") ¶ 31, ECF Document 11. Decedent was suspected in

3   an investigation of numerous commercial burglaries following SLOPD's

4   investigation into the matter. FAC ¶¶ 32, 70-76.

5          Plaintiff alleges that law enforcement knew of Decedent, as there was a

6   history of documented encounters with Decedent leading back eighteen months

7   prior to the execution of the subject search warrant. FAC ¶ 34. These encounters

8   include welfare checks, a missing person's report, numerous noise complaints, and

9   SLOPD's arrest of Decedent. FAC ¶¶ 55, 58, 61, 62, 63, 64, 66, 67, 68. Plaintiff

10  alleges that these incidents indicated that Decedent was exhibiting signs of mania

11  and paranoia, and that the numerous encounters alerted law enforcement to

12  Decedent's mental illness and a probable Welfare and Institutions Code section

13  5150 designation. FAC ¶¶ 34, 63, 64, 66, 67.

14         Plaintiff alleges that following suspicion of Decedent for a string of

15  commercial robberies, Defendant Orozco submitted an affidavit in support of an

16  application for the search warrant of Decedent's residence. FAC ¶ 70. On or about

17  May 10, 2021, a search warrant was obtained and executed. FAC ¶¶ 76, 77. While

18  the complaint contains criticism of how the warrant was executed, it does not

19  allege any facts showing that any action of any law enforcement individual

20  involved was beyond the scope of what was permitted by the warrant. FAC ¶ 77.

21  Plaintiff alleges that "[u]pon gaining entry to the unit Defendant law enforcement

22  officers believed that Mr. Giron was armed with a hunting rifle." FAC ¶ 78.

23  Despite the length of the FAC, it actually contains very limited factual allegations

24  regarding the service of the warrant and use of force in paragraphs 77-79. The

25  FAC later alleges that Decedent was unarmed, or, in the alternative, did not have

26  the mental capacity to know what was going on. FAC ¶ 90. The allegations in the

27  cause of action for excessive force itself consist only of conclusions, such as

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1 claims that Defendants "failed to properly plan the service and execution of the

2 warrant," used "improper procedures," and the "Decedent was unarmed, or in the

3 alternative, was emotionally and mentally unstable." FAC ¶ 88-90. The other

4 causes of action against the individual Defendants contain similarly conclusory

5 information, failing to identify any particular action by any particular defendant.

6 FAC ¶ 97-132. The municipal liability claims are similarly conclusory. FAC ¶¶

7 134-164. Similarly, the state law claims merely parrot the previous allegations.

8 FAC ¶¶ 166-192. The FAC alleges that Plaintiff is the mother of the Decedent and

9 that she is bringing this action individually and as a successor in interest to the

10 Decedent. FAC ¶ 1. However, the causes of action do not differentiate between

11 having been brought in either capacity.

12 **III.**

13 **LEGAL AUTHORITY**

14 County and Parkinson move to dismiss the FAC. Under Federal Rules of

15 Civil Procedure Rule 12(b)(6), dismissal is appropriate where there is either a

16 "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under

17 a cognizable theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

18 Cir. 1988). To withstand a motion to dismiss, a complaint must contain sufficient

19 factual matter which, if accepted as true, "state[s] a claim to relief that is plausible

20 on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

21 The complaint must allege more than "naked assertions," "labels and

22 conclusion," or simply a "formulaic recitation of the elements of a cause of

23 action." Id. at 555-557.

24 ///

25 ///

26 ///

27 ///

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

**IV.**

2

**ARGUMENT**

3   **A.    Defendants Had Authority to Enter Decedent's Home Pursuant to A**

4          **Search Warrant.**

5          To preserve an individual's Fourth Amendment rights, search warrants are

6   generally required to conduct a search. See, <u>People v. Allen</u>, 78 Cal.App.4th 445

7   (3d Dist. 2000). Plaintiff alleges a search warrant was obtained on May 10, 2021.

8   FAC ¶ 76.  She also alleges, instead of implementing CIT or PERT, the Officer

9   Defendants "forced open the front door" of Decedent's residence. FAC ¶ 77.

10  However, she never states the door should not have been forced open.  Based on

11  the search warrant, "Officer Defendants" had authority to be at Decedent's

12  residence.  There are no factual allegations to support any assertion the door

13  should not have forced open.  Plaintiff's FAC makes no allegations Defendants

14  did not have authority to enter Decedent's residence pursuant to the search

15  warrant, or that the search warrant was violated. Thus, Plaintiff's complaint cannot

16  rely on claims based on actions taken by law enforcement pursuant to a valid

17  warrant.

18  **B.    Plaintiff's Claims Fail to State a Claim upon Which Relief Can Be**

19         **Granted Because They Combine All Defendants And Do Not Provide**

20         **Fair Notice of the Grounds for the Claims Made.**

21         Throughout the Complaint Plaintiff improperly combines all defendants

22  together collectively without providing any specific allegations against County of

23  San Luis Obispo or its Sheriff Ian Parkinson, which would give County and

24  Sheriff Parkinson fair notice of the grounds for the claims made against them.

25  Lumping all "defendants" together with facts regarding the incident does not put a

26  particular defendant on notice as to grounds for the allegations. See <u>Eunice v. U.S.</u>

27  (S.D. Cal., Feb. 26, 2013, 12CV1635-GPC BGS) 2013 WL 756168; see also <u>Chan</u>

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  v Chancelor, 09cv1839-AJB CAB, 2011 WL 5914263 (S.D. Cal. 2011) (vaguely

2  lumps defendants' names together without providing any specific allegations as to

3  fraud); Kelley v. Rambus, Inc., No. C 07-01238JF, 2007 WL 3022544, at *1 (N.D.

4  Cal. Oct. 15, 2007) (lumping all defendants together without specifying which

5  defendant knew what or when under notice pleading requirement under Federal

6  Rule of Civil Procedure 8); Tatone v. SunTrust Mortg., Inc., 857 F.Supp.2d 821,

7  831 (D. Minn. Mar. 8, 2012) ("A complaint which lumps all defendants together

8  and does not sufficiently allege who did what to whom, fails to state a claim for

9  relief because it does not provide fair notice of the grounds for the claims made

10  against a particular defendant.")

11      The entire complaint fails to sufficiently allege who did what to whom and

12  therefore fail to state a claims for relief because it does not provide fair notice of

13  the grounds for the claims made against County and Parkinson.  Plaintiff's first

14  through fifth claims are against "All Officer Defendants."  First, it is unclear

15  whether Defendant Parkinson is included as an Officer Defendant.  We think not,

16  but the FAC is not clear.  The first mention of the term "Officer Defendants"

17  occurs in ¶ 88, and refers to "the City Police Department officers" and "County

18  Sheriff's Department deputy" as Officer Defendants.  However, later in the same

19  paragraph Plaintiff refers to " named Defendant officers and deputies and "Doe

20  Defendant officers and deputies," implying there is at least one sheriff's

21  department personnel who is a named defendant. Since Parkinson is not a deputy,

22  we believe he is not an "Officer defendant," but he is the only named Sheriff's

23  department personnel.  ¶¶ 91-93; 100; 102; 107; 108-111; 118-119; 127-131,

24  within Plaintiff's claims one through five, all refer to "Officer and Deputy Officer

25  Defendants."  As such, claims one through five are unclear whether they are being

26  made against Defendant Parkinson.

27      In addition, the First through Fifth claims fail to state which "Officer

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants" did what.  Officer Defendants include individuals from both SLOPD and SLOSD.  Since the First through Fifth claims only refer to Officer Defendants, no defendant is provided fair notice of the grounds for the claims made against any particular defendant.  Among other things, "Officer Defendants are accused of

- failing to properly plan the service and execution of the warrant (¶ 88; 100)
- failing to activate the CIT or PERT (¶ 88; 100; 108)
- failing to implement deescalation tactics during the service of the sear warrant (¶ 88; 100; 108; 126)
- shooting and killing Decedent (¶ 88; 98; 100; 126)
- failing to intervene in the use of force against Decedent (¶ 108)
- denying medical care to Decedent (¶ 116)
- ignoring history of Decedents encounters with law enforcement (¶ 126)
- attempting to cover up the killing of decedent (¶ 126)

No officer defendant is provided fair notice of the grounds for the claims made against them.  Each officer defendant is entitled to know which of the above acts is alleged against them.  Collectively referring to Officer Defendants, does not provide fair notice.

Furthermore, Plaintiff's <u>Monell</u> claims, her Sixth claim for Ratification, Seventh claim for failure to train, and Eighth claim for an unconstitutional policy, are also alleged against Defendants Parkinson, Scott, Amoroso, County and City. The <u>Monell</u> claims also refer to the conduct of Officer Defendants, so it is unclear which entities, or alleged officer defendants are being accused of ratification, failure to train, or unconstitutional policies.

For example, with regard to Plaintiffs Ratification claim, ¶ 136 states a final policy maker who had final policy making authority concerning the acts of officer

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   defendants, ratified such acts.  It is impossible to tell against which defendants

2   allegations are being made.  ¶ 139 goes on to state Defendants Parkinson, Scott,

3   and Amoroso, determined the conduct of Officer Defendants was within policy.

4   Defendants Parkinson, Scott, and Amoroso are not provided with fair notice of

5   which Officer Defendants conduct they are alleged to have ratified.

6        With regard to Plaintiffs claim for failure to train, ¶ 147 states City and

7   County training was inadequate with respect to de-escalation techniques,

8   PERT/CIT activation, use of force, encounters with the mentally ill, and provision

9   of medical care. Neither City nor County are provided with fair notice of which

10  policies of each are inadequate.  Furthermore, without knowing which Officer

11  Defendants engaged in which conduct, City and County cannot determine which

12  of their policies are claimed to be inadequate.

13       With regard to Plaintiffs claim for unconstitutional policy ¶ 158 states

14  Defendants City, County, Amoroso, Scott, and Parkinson maintain policies of

15  using excessive force, providing inadequate training, mistreating the mentally ill,

16  neglecting to activate PERT/CIT, denying medical care, employing officers who

17  have propensities for abusing authority, inadequately supervising, maintaining

18  inadequate procedures, failing to discipline, ratifying intentional misconduct,

19  failing to properly investigate claims, and encouraging a blue code of silence.

20  Again, none of the defendants are provided with fair notice of which policies of

21  each are inadequate.  Furthermore, without knowing which Officer Defendants

22  engaged in which conduct, Defendants cannot determine which of their policies

23  are claimed to be inadequate.

24       Plaintiffs ninth, tenth, and eleventh claims, for battery, negligence, and

25  violation of Civil Code § 52.1, against all defendants, are similarly deficient for

26  the same reasons.  No specific defendant is on notice whether they are specifically

27  alleged to have engaged in any specific conduct.

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1       Plaintiff's collective referral to all defendants without specifying which

2   defendants did what renders the complaint against these defendants impermissibly

3   vague, as it does not provide any specific factual allegations against any defendant

4   to put them on notice as to what actions they allegedly individually took that are

5   claimed to have violated the plaintiff's rights.

6   **C.   Plaintiff's Monell Claims Fail to State a Claim upon Which Relief Can**

7   **Be Granted, Because They Are Based on Isolated Events, Facts Alleged Do**

8   **Not Demonstrate Deliberate Indifference/choice, and Facts Alleged Do Not**

9   **Establish Causation.**

10       The Supreme Court held that municipal entities are subject to Section 1983

11   liability, but not on the basis of respondeat superior. Monell v. Dep't of Soc.

12   Servs. of City of New York, 436U.S. 658, 690-91 (1978). Monell established that

13   a municipality is subject to liability under Section 1983 only when the violation of

14   the plaintiff's federally protected right can be attributable to the enforcement of a

15   municipal policy, practice, or decision of a final municipal policy maker. 436 U.S.

16   at 694. A Monell claim cannot be premised on a single unconstitutional incident.

17   See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper

18   custom may not be predicated on isolated or sporadic incidents; it must be founded

19   upon practices of sufficient duration, frequency and consistency that the conduct

20   has become a traditional method of carrying out policy"); City of Canton v. Harris,

21   489 U.S. 378, 390-91 (1989) ("That a particular officer may be unsatisfactorily

22   trained will not alone suffice to fasten liability on the city, for the officer's

23   shortcomings may have resulted from factors other than a faulty training

24   program"); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) (noting

25   that the failure to train must result from a conscious or deliberate choice to follow

26   a course of action made from among various alternatives). To impose municipal

27   liability, the plaintiff has to show that deliberate indifference was the "moving

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  force" behind the violation of his federally protected right. <u>Canton</u>, 489 U.S. 378,

2  389 (1989).

3      Here, Plaintiff's <u>Monell</u> claims are her Sixth claim against Defendant

4  Parkinson for Ratification, her Seventh claim against Parkinson and County for

5  failure to train, and her Eighth claim against Parkinson and County for an

6  unconstitutional policy.

7      Plaintiff's Claim for an unconstitutional policy under <u>Monell</u> contains mere

8  conclusory statements and a simple formulaic recitation of the elements of a cause

9  of action. <u>See Twombly</u>, 550 U.S. at 555.  Plaintiff's <u>Monell</u> claims for an

10 unconstitutional policy is based only on the isolated events that are the subject of

11 this litigation.  It fails to demonstrate any alleged unconstitutional policy is a

12 "persistent and widespread" policy, or that it is premised upon anything but the

13 single incident that is the subject of this litigation. <u>See Monell</u>, 436 U.S. at 691.

14 Plaintiff generally alludes to "five (5) other incidents of officer involved shootings

15 over the last eighteen (18) months that rebutted in extrajudicial killing of suspects

16 by City and County law enforcement" but no information providing a nexus

17 between those shootings and the subject incident is alleged.  (FAC, ¶ 159).

18 Plaintiff's <u>Monell</u> claim for an unconstitutional policy is simply devoid of factual

19 support liability is founded upon practices of sufficient duration, frequency and

20 consistency that the conduct has become a traditional method of carrying out

21 policy.  Plaintiff states conclusory allegations of purported policies ((FAC, ¶ 158),

22 but alleges no facts showing any such policies, customs, or practices exist.

23      Moreover, is not sufficient for a plaintiff to identify a custom or policy,

24 attributable to the municipality, that caused his injury. A plaintiff must also

25 demonstrate that the custom or policy was adhered to with "deliberate indifference

26 to the constitutional rights" of plaintiff and others with whom officers deal.

27 Canton, 489 U.S. at 392.  Plaintiff has alleged no facts County or Parkinson were

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  deliberately indifferent to Plaintiffs constitutional rights.

2  Moreover, the plaintiff must show that challenged municipal conduct was

3  both the cause in fact and the proximate cause of the constitutional deprivation.

4  See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).  It is not

5  enough for a plaintiff to merely allege that there was such a policy. Plaintiff fails

6  to allege any facts relating to a County policy, custom, or practice that was the

7  driving force behind the Officer Defendants' alleged excessive force used against

8  Decedent. Plaintiff does not allege a direct causal link between alleged policies

9  and a constitutional violation.

10  As to Plaintiff's ratification claim, ratification requires a deliberate choice to

11  endorse, rather than just acquiescence.  Barrera-Vasquez v. Cnty. of Riverside,

12  2021 U.S. Dist. LEXIS 257941, at *12, citing Sheehan v. City & Cnty of San

13  Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014). Here, Plaintiff alleges no facts

14  County or Parkinson made any deliberate choice to endorse an unconstitutional

15  policy.

16  Finally, Plaintiff's failure to train claim also fails. Inadequacy of police

17  training may serve as the basis for 1983 liability only where the failure to train

18  amounts to deliberate indifference to the rights of persons with whom the police

19  come into contact with. Canton, 489 U.S. at 388.  Here, Plaintiff alleges City and

20  County were deliberately indifferent, but does not allege Parkinson was

21  deliberately indifferent.  In addition, Plaintiff's allegation of deliberate

22  indifference is merely a conclusory recitations of the element for such a claim, but

23  no facts are alleged to support this allegation.

24  **D.   Plaintiff's Negligence Claims Does Not State a Claim on Which Relief**

25  **Can Be Granted Because Her Negligence Claim Is Vague.**

26  The elements of a negligence cause of action are: (1) a legal duty to use due

27  care; (2) a breach of that duty; (3) the breach was the proximate cause of plaintiff's

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  injury; and (4) actual loss occurred as a result of the breach. <u>Hayes v. County of</u>

2  <u>San Diego</u>, 57 Cal.4th 622, 629 (2013). California courts have long recognized

3  that officers owe a duty to act reasonably when using deadly force. Id. "The

4  reasonableness of an officer's conduct is determined in light of the totality of

5  circumstances." Id.

6       To withstand a motion to dismiss, the FAC must contain sufficient factual

7  matter as to their negligence claim, which, if accepted as true, states a claim to

8  relief that is plausible on its face and more than naked assertions, labels and

9  conclusion, or simply a formulaic recitation of the elements of a cause of action.

10  (See <u>Bell Atlantic Corp.</u> 550 U.S. at 555-557, 570.)  Here, Plaintiff does not

11  provide any specificity at all with respect to what type of negligence claim they

12  bring against Defendants County and Parkinson, a necessity for County and

13  Parkinson to properly respond to the claim.

14       Plaintiff brings her Tenth Claim for Negligence against All Defendants.

15  However, her negligence claim does not contain sufficient factual matter which, if

16  accepted as true, states a claim to relief that is plausible on its face.  Specifically,

17  they do not state what type of negligence claim they bring, statutory, common law,

18  or otherwise.

19       Plaintiff fails to cite the statutory authority under which she brings a

20  negligence claim against County and Parkinson, a public entity and a public

21  employee.  Liability for a public employee is established by Part 2 of the

22  California <u>Government Code</u>, beginning with <u>Government Code</u> §814.  (See,

23  <u>Government Code</u> § 820(b).).  As such, Plaintiff cannot merely allege negligence,

24  and must specify which statute on which she bases her negligence claim.

25       Under the California <u>Government Code</u> there are numerous types of

26  negligence claims, each of which afford public entity and public employee

27  defendants different immunities.  Thus, when bringing a claim for negligence,

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   Plaintiffs are required to allege facts that state what type of negligence claim they

2   bring.  County and Parkinson's response to the claim is dependent on what facts

3   are alleged, i.e. what statute the claim is brought under.

4         For example, a public employee might be entitled to discretionary

5   immunity, under <u>Government Code</u> § 820.2, for a common law type negligence

6   claim brought under Part 2 of the California <u>Government Code</u>, but that immunity

7   would not be available for a negligence claim based on a failure to perform a

8   mandatory duty under Part 2.  There are different types of negligence claims under

9   Part 2 of the California <u>Government Code</u>, and County and Parkinson's response

10  is dependant on the facts regarding the type of claim alleged.

11        Based on the foregoing, Plaintiff's naked assertion of "negligence" is

12  insufficient, and thus, she fails to allege facts which state a claim to relief.

13  Plaintiff's FAC is not clear if her negligence claim is a statutory one. The heading

14  states the claim is being brought under <u>Government Code</u> § 820, but the actual

15  allegations fail to allege the claim is being brought under any statute.  Nor is the

16  FAC clear whether the claim is a common law one, as there are no allegations

17  County or Parkinson are in violation of the elements of common law negligence.

18  For example, the FAC does not establish County or Parkinson violated any duty of

19  care, either common law or statutory.  It merely alleges Defendants were negligent

20  (FAC, ¶ 177.)

21  **E.    <u>There Are No Recoverable Damages for Any of Plaintiff's Survival</u>**

22        **<u>Claims</u>.**

23        Plaintiff brings her first, second, third, fourth, fifth, ninth, tenth and

24  eleventh claims for relief as a successor in interest, and she seeks survival

25  damages. In a survival action, "the damages recoverable are limited to the loss or

26  damage that the decedent sustained or incurred before death." Cal. Civ. Proc. Code

27  § 377.34(a). Decedent suffered no damages because he died immediately. Mr.

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  Giron sustained a close range shot to the top of his head that blew off the top of

2  his skull (FAC, ¶ 3). While Plaintiff concludes Decedent suffered extreme pain

3  and suffering, no factual allegations exist in the FAC that demonstrate Decedent

4  suffered any pain and suffering.  In addition, Decedent had no medical expenses,

5  lost wages, or loss of earning capacity from the time the search warrant was

6  executed to his death.

7  **F.**   **Plaintiff Does Not Have Standing to Bring 42 U.S.C. § 1983 Claims in**

8      **Her Individual Capacity**

9      Plaintiff seeks wrongful death damages, in her individual capacity, in five

10  claims against Officer Defendants under 42 U.S.C. § 1983, which she brings in her

11  individual capacity.  She brings her first, second, third, fourth, and fifth causes of

12  action for excessive force, integral participation, failure to intervene, denial of

13  medical care, and due process in her individual capacity, which she cannot do.

14  "The United States Supreme Court has held that constitutional rights under 42

15  U.S.C. 1983 are personal to the individual and may not be asserted by a third

16  party." Herd v. County of San Bernadino, 311 F. Supp. 3d 1157, 1163 (C.D. Cal.

17  2018); see also Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369

18  (9th Cir. 1998) ("[O]nly the person whose Fourth Amendment rights were violated

19  can sue to vindicate those rights.")  Wrongful death actions involve claims by a

20  decedent's heirs to recover for their own injuries suffered due to decedent's death.

21  Cal. Civ. Proc. Code § 377.60; San Diego Gas & Electric Co. v. Superior Court,

22  146 Cal.App.4th 1545, 1550-1551 (2007).  Plaintiff's individual constitutional

23  rights were not violated, Decedent's were.  As such she cannot bring her

24  individual claims under 42 U.S.C. § 1983

25      Plaintiff also brings three § 1983 causes of action for municipal liability

26  against the County and Parkinson in her individual capacity, seeking wrongful

27  death damages.  Plaintiff does not have standing to bring these claims either,

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  because her constitutional rights were not violated. As such, she is barred from

2  bringing her sixth, seventh, and eighth claims for relief for inadequate training,

3  ratification, and unconstitutional custom, practice, or policy.

4  **V.**

5  <u>**CONCLUSION**</u>

6  For all these reasons, Defendants request the Court grant Defendants'

7  <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6) motion.

8  DATED:  October 24, 2022          SMITH LAW OFFICES, LLP

9  *Christopher Romero*
   By _____
10  Douglas C. Smith
   Christopher P. Romero
11  Attorneys for Defendants
   COUNTY OF SAN LUIS OBISPO and
12  IAN PARKINSON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**