UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3156-DMG (RAOx) | Date | June 30, 2023 |
|---|---|---|---|
| Title | *Caroline Wichman v. City of San Luis Obispo, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER TO SHOW CAUSE WHY PLAINTIFF'S SURVIVAL CLAIMS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

On June 23, 2023, Plaintiff Caroline Wichman filed a status report, indicating that she has been unable to find counsel and intends to proceed *pro se* in this action arising out of the death of her son, Edward Zamora Giron II.  [Doc. # 67.]

Wichman's Complaint asserts claims for (1) excessive force in violation of Giron's Fourth Amendment rights; (2) certain defendants' integral participation in the use of excessive force in violation of Giron's Fourth Amendment rights; (3) failure to intervene to prevent the violation of Giron's Fourth Amendment rights; (4) denial of medical care to Giron in violation of his Fourth Amendment rights; (5) violation of Wichman's rights under the Fourteenth Amendment, in the form of state inference in her familial relationship with Giron; (6) municipal liability for ratification of the individual defendants' violation of Giron's and Wichman's rights; (7) municipal liability for failure to train the individual defendants in violation of Giron's and Wichman's rights; (8) municipal liability for an unconstitutional custom or policy in violation of Giron's and Wichman's rights; (9) wrongful death; (10) negligence; and (11) violation of California's Bane Act.  [Doc. # 1.]

Many of the claims Wichman asserts are for violation of Giron's rights, not Wichman's.  These include Wichman's claims for violation of Giron's Fourth Amendment rights.  *See, e.g.*, *Alderman v. United States*, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.").  In general, a *pro se* plaintiff may not pursue claims on behalf of others in a representative capacity, even if it would be proper for the same plaintiff to pursue those claims when represented by a lawyer.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  Wichman is therefore **ORDERED** to explain why her claims for violation of Giron's personal rights should not be dismissed without prejudice in light of her *pro se* status.  Wichman shall file her response **by July 21, 2023**.  Defendants may file any reply by **August 4, 2023**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-3156-DMG (RAOx) | Date | June 30, 2023 |
| Title | *Caroline Wichman v. City of San Luis Obispo, et al.* | Page | 2 of 2 |

    Although Plaintiff is proceeding *pro se*, *i.e.*, without legal representation, she nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/ local-rules.[1]

**IT IS SO ORDERED**.

---

[1] The Court cannot provide legal advice to any party, including *pro se* litigants. Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.