Douglas C. Smith, Esq. (State Bar No.160013)
dsmith@smitlaw.com
Christopher P. Romero, Esq. (State Bar No. 270705)
cromero@smitlaw.com
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, California 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

Attorneys for Defendants
COUNTY OF SAN LUIS OBISPO and IAN PARKINSON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caroline Wichman, individually and as successor in interest to Edward Zamora Giron II, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SAN LUIS OBISPO, a municipal entity; COUNTY OF SAN LUIS OBISPO, a municipal entity; BRYAN AMOROSO, an individual; STEVE OROZCO, an individual; IAN PARKINSON, an individual; RICK SCOTT; and DOES 1-25, inclusive,<br><br>    Defendants. | CASE NO.: 2:22-cv-03156-DMG (RAOx)<br><br>**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S REPLY TO PLAINTIFF'S RESPONSE TO OSC RE SURVIVAL CLAIM**<br><br>*Complaint filed 5/9/22*<br>*First Amended Complaint 7/23/22* |

  Wichman has filed a Response to the Court's Order to Show Cause Why Plaintiff's Survival Claims Should not be Dismissed Without Prejudice. Her response does not identify any reason why she, as a pro se litigant, should be able to assert claims for violation of Giron's rights.

  It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008.); see also McShane

1  v. United States, 366 F.2d 286, 288 (9th Cir.1966) (citation omitted).

2  Consequently, in an action brought by a pro se litigant, the real party in
3  interest must be the person who by substantive law has the right to be enforced.
4  Id.; see also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th
5  Cir.1987).

6  It is clear Wichman, a pro se litigant, is not the real party in interest on
7  numerous claims, as she has brought claims on behalf of her son Decedent, Giron.
8  As such, Wichman is representing a person or entity other than herself, which she
9  may not do. Because Wichman is not the actual beneficial owner of the claims
10 being asserted, she cannot be viewed as a party conducting her own case
11 personally within the meaning of Section 1654.

12 Wichman asserts multiple claims for the violation of Giron's rights.  The
13 first through fourth claims are for violation of Giron's Fourth Amendment rights.
14 They are for (1) excessive force in violation of Giron's Fourth Amendment rights;
15 (2) certain defendants' integral participation in the use of excessive force in
16 violation of Giron's Fourth Amendment rights; (3) failure to intervene to prevent
17 the violation of Giron's Fourth Amendment rights and (4) denial of medical care
18 to Giron in violation of his Fourth Amendment rights.  Fourth Amendment Rights
19 are personal rights which may not be vicariously asserted.  Alderman v. United
20 States, 394 U.S. 165, 174 (1969).  As such, the first through fourth causes of
21 action should be dismissed.

22 Wichman also asserts multiple claims for the violation of her and Giron's
23 constitutional rights.  The sixth through eighth claims are for violation of
24 Wichman and Giron's unspecified "constitutional rights."  They are for (6)
25 municipal liability for ratification of the individual defendants' violation of
26 Giron's and Wichman's rights; (7) municipal liability for failure to train the
27 individual defendants in violation of Giron's and Wichman's rights; (8) municipal
28

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S REPLY TO PLAINTIFF'S RESPONSE TO OSC RE SURVIVAL CLAIM**

1  liability for an unconstitutional custom or policy in violation of Giron's and
2  Wichman's rights. To the extent Wichman's sixth through eighth claims are for
3  the violation of Giron's rights, they should be dismissed.

4       Moreover, Wichman cannot bring her eleventh cause of action for violation
5  of the California Bane Act, which is based on a violation of Giron's rights.  "The
6  Bane Act is simply not a wrongful death provision. It clearly provides for a
7  personal cause of action for the victim of a hate crime." <u>Bay Area Rapid Transit</u>
8  <u>Dist. v. Superior Court</u> (1995) 38 Cal.App.4th 141, 144.  The Bane Act is limited
9  to plaintiffs who themselves, have been the subject of violence or threats. <u>Id</u>.

10       Based on the foregoing, Wichman's survival claims, her first, second, third,
11  fourth, sixth, seventh, eighth, and eleventh claims should be dismissed.

12  DATED:  August 4, 2023         SMITH LAW OFFICES, LLP

13  
14  By *Christopher P. Romero*
     Douglas C. Smith
15       Christopher P. Romero
     Attorneys for Defendants
16       COUNTY OF SAN LUIS OBISPO and
     IAN PARKINSON

17
18
19
20
21
22
23
24
25
26
27
28

p-reply(osc).wpd     3

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S REPLY TO PLAINTIFF'S RESPONSE TO OSC RE SURVIVAL CLAIM**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

    I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 4001 Eleventh Street, Riverside, CA 92501.

    On **August 4, 2023**, I served the foregoing document described as:

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S REPLY TO PLAINTIFF'S RESPONSE TO OSC RE SURVIVAL CLAIM**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

    See Attached Proof of Service List.

[X]   (BY MAIL)

    [ ]   I deposited such envelope in the United States Mail at Riverside, California. The envelope was mailed with postage thereon fully prepaid.

    [X]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]   (BY PERSONAL SERVICE) I caused to be delivered each such document by hand to each addressee as set forth above.

[]   (VIA FEDERAL EXPRESS) By depositing the envelope in the box regularly maintained by Federal Express in an envelope designated by Federal Express with delivery fees paid, as addressed below.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

    *Jessica Robitaille*
    _____
    **JESSICA ROBITAILLE**

**PROOF OF SERVICE - MAILING LIST**

Case: Wichman v. County of San Luis Obispo, et al.
Court Case No.: 2:22-cv-03156-DMG(RAOx)
Our File: SLO-154

Caroline Wichman                              Plaintiff, in Pro Se
60 Descanso Drive, No. 2117
San Jose, CA 95134