Joshua M. George, SBN: 244565
george@ammcglaw.com
Chase W. Martin, SBN: 260444
cmartin@ammcglaw.com
Carrick J. Meyers, SBN: 352268
cmeyers@ammcglaw.com
ADAMSKI MOROSKI MADDEN CUMBERLAND
 & GREEN LLP
*Mailing Address*:  Post Office Box 3835
San Luis Obispo, CA  93403-3835
*Physical Address*:  6633 Bay Laurel Place
Avila Beach, CA  93424
Telephone: (805) 543-0990
Facsimile: (805) 543-0980
Attorneys for Defendant, City of San Luis Obispo

Filing Fee Exempt
(Gov. Code, § 6103)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CAROLINE WICHMAN, individually and as successor in interest to Edward Zamora Giron II, deceased,

Plaintiffs,

v.

CITY OF SAN LUIS OBISPO, a municipal entity; COUNTY OF SAN LUIS OBISPO, a municipal entity, BRYAN AMOROSO, an individual; STEVE OROZCO, an individual; IAN PARKINSON, an individual; RICK SCOTT; and DOES 1-25, inclusive,

Defendants.

CASE NO. 2:22-cv-03156-DMG-RAOx

**DEFENDANTS CITY OF SAN LUIS OBISPO, BRYAN AMOROSO, STEVE OROZCO AND RICK SCOTT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

**Hearing Date:  June 28, 2024**
**Time:  9:30 a.m.**
**Location: Courtroom 8C**

PLEASE TAKE NOTICE that on Friday, June 28, 2024, at 9:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 8C of the United States District Court for the District of Central California, located at the United States Courthouse, 350 West First Street, Los Angeles, California 90012, defendants City of San Luis Obispo, Bryan Amoroso, Steve Orozco, and Rick Scott will and hereby do move this court for an order dismissing plaintiff Caroline Wichman's

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

second amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiff has failed to state sufficient facts to show entitlement to relief on any of her claims for relief.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

This motion is made following an attempted conference with the pro per Plaintiff pursuant to L.R. 7-3. On May 17, 2024, counsel emailed the pro per Plaintiff at her email address on record. The email detailed the numerous deficiencies counsel found in the Second Amended Complaint, which are the subject of this motion to dismiss. Counsel requested the telephone number for the pro per so they could continue discussions of the Second Amended Complaint over the phone. Counsel also provided their personal contact information and beseeched pro per to reach out. Counsel did not receive any contact from the pro per Plaintiff prior to the filing of this motion to dismiss.

Date:  May 23, 2024

ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP


 */s/ Joshua M. George*
Joshua M. George
Chase W. Martin
Attorneys for Defendant, City of San Luis Obispo

# **TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................... 8

II.    SUMMARY OF FACTUAL ALLEGATIONS ........................................ 9

III.   LEGAL STANDARD ........................................................ 11

IV.    LEGAL ARGUMENT ........................................................ 12

    A.    The SAC Fails to State a Claim Upon Which Relief Can
Be Granted ...................................................... 12

          1.    The SAC lacks the required plausibility to satisfy
pleading requirements under *Iqbal* and *Twombly* ................. 12

          2.    Plaintiff's 42 U.S.C. § 1983 claims fail as they do
not allege any specific constitutional violations................... 14

          3.    Plaintiff's 42 U.S.C § 1983 claims are barred by
qualified immunity ................................................ 16

          4.    Plaintiff's § 1983 claims for slander fail the
"stigma-plus" test................................................. 19

          5.    The SAC does not plead a state law claim for slander
with the required specificity; Defendants' statements
were privileged under Civil Code section 47 ...................... 20

    B.    The Claims in the SAC are Barred by the Statute of
Limitations as the Allegations in the SAC Do Not Relate
Back to the Original Complaint ...................................... 23

    C.    Any State Law Claims are Barred for the Failure to Submit a
Government Claim pursuant to California Government Code
section 910 et seq. ............................................... 25

V.     CONCLUSION ............................................................ 26

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

## Cases

*Albertini v. Schaefer*
   97 Cal.App.3d 826 (1979) ........................................................................ 21

*Ashcroft v. al-Kidd*
   563 U.S. 731 (2011) ................................................................................ 17

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ......................................................................... 11, 12

*Baker v. McCollan*
   443 U.S. 137 (1979) ................................................................................ 14

*Barren v. Harrington*
   52 F.3d 1193 (9th Cir.1998) ................................................................... 15

*Barrington v. A.H. Robins Co.*
   39 Cal.3d 146 (1985) .............................................................................. 23

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ......................................................................... 11, 12

*Bigler-Engler v. Breg, Inc.*
   7 Cal.App.5th 276 (2017) ....................................................................... 22

*Blair v. Superior Court*
   218 Cal. App. 3d 221 (1990) .................................................................. 25

*City of Stockton v. Superior Court*
   42 Cal.4th 730 (2007) ............................................................................ 25

*Cooper v. Dupnik*
   924 F.2d 1520 (9th Cir. 1991) ............................................................... 19

*County of Sacramento v. Lewis*
   523 U.S. 833 (1998) ................................................................................ 20

*Davaloo v. State Farm Ins. Co.*
   135 Cal.App.4th 409 (2005) ................................................................... 23

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Davidson v. Cannon*
   474 U.S. 344 (1986) ................................................................. 14

*Dist. of Columbia v. Wesby*
   U.S. 138 S. Ct. 577 (2018) ........................................................ 17

*Dougherty v. City of Covina*
   654 F.3d 892 (9th Cir. 2011) .................................................... 16

*Emmons v. City of Escondido*
   921 F.3d 1172 (9th Cir. 2019) ................................................... 17

*Fed. of African American Contractors v. City of Oakland*
   96 F.3d 1204 (9th Cir. 1996) .................................................... 16

*Frisk v. Merrihew*
   42 Cal.App.3d 319 (1974) ........................................................ 22

*Gilbert v. Sykes*
   147 Cal.App.4th 13 (2007) ....................................................... 21

*Jessop v. City of Fresno*
   936 F.3d 937 (9th Cir. 2019) .................................................... 17

*Johnson v. Barker*
   799 F.2d 1396 (9th Cir. 1986) ................................................... 19

*Krainski v. Nevada ex Rel. Bd. of Regents*
   616 F.3d 963 (2010) ............................................................. 18

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir.2001) ..................................................... 15

*Long v. County of L.A.*
   442 F.3d 1178 (9th Cir. 2006) ................................................... 15

*Luna v. Mullenix*
   577 U.S. 7 (2015) ............................................................... 18

*Mann v. Quality Old Time Service, Inc.*
   120 Cal.App.4th 90 (2004) ....................................................... 21

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Maraziti v. First Interstate Bank of California*
   953 F.2d 520 (9th Cir. 1992) ........................................................................ 17

*Maynard v. City of San Jose*
   37 F.3d 1396 (9th Cir.1994) ......................................................................... 15

*McQuirk v. Donnelley*
   189 F.3d 793 (9th Cir. 1999) ........................................................................ 22

*Mitchell v. Forsyth*
   472 U.S. 511 (1985) ..................................................................................... 17

*Monell v. Dept. of Soc. Svcs.*
   436 U.S. 658 (1978) ............................................................................... 14, 16

*Monteiro v. Tempe Union High Sch. Dist.*
   158 F.3d 1022 (9th Cir. 1998) ...................................................................... 15

*Nelson v. State of California*
   139 Cal. App. 3d 72 (1982) .......................................................................... 25

*Norgart v. Upjohn Co.*
   21 Cal.4th 383 (1999) .................................................................................. 23

*Okun v. Superior Court*
   29 Cal.3d 442 (1981) ................................................................................... 21

*Oliver v. Baca*
   913 F.3d 852 (9th Cir. 2019) ........................................................................ 17

*Owens v. Okure*
   488 U.S. 235 (1989) ..................................................................................... 23

*Paul v. Davis*
   424 U.S. 693 (1976) ............................................................................... 14, 19

*Pearson v. Callahan*
   555 U.S. 223 (2009) ..................................................................................... 17

*Regalia v. The Nethercutt Collection*
   172 Cal.App.4th 361 (2009) ......................................................................... 21

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*Reichle v. Howards*
   566 U.S. 658 (2012) ........................................................................... 18

*Saucier v. Katz*
   533 U.S. 194 (2001) ........................................................................... 17

*Starr v. Baca*
   652 F.3d 1202 (9th Cir. 2011) ........................................................... 12

*Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*
   36 Cal. 4th 441 (2004) ...................................................................... 25

*Vos v. City of Newport Beach*
   892 F.3d 1024 (9th Cir. 2018) ........................................................... 18


**Statutes**

42 U.S.C. § 1983 ............................................................... 14, *passim*

Cal. Civ. Code § 46 ............................................................... 20, 21

Cal. Civ. Code § 47 ............................................................... 20, 22

Cal. Civ. Proc. Code § 312 ........................................................... 23

Cal. Civ. Proc. Code § 335.1 ........................................................ 23

Cal. Gov't Code § 910 ................................................................. 25

Cal. Gov't Code § 911.2(a) ........................................................... 25

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff, Caroline Wichman's ("Plaintiff") Second Amended Complaint ("SAC") must be dismissed.

Plaintiff has failed to satisfy the plausibility requirement under *Iqbal* and *Twombly* for federal court pleadings. The SAC is full of conclusions unsupported by well-pled facts. As such, the conclusions cannot be given any presumption of truth. This results in the SAC failing due to a lack of plausibility. Additionally, no allegations whatsoever are made against the City of San Luis Obispo.

Plaintiff's § 1983 claim fails, as no constitutional violations are alleged by the Plaintiff, and no protected class is identified. No *Monell* claims are pled against the City of San Luis Obispo either. Even if adequately pled, qualified immunity applies here and protects the Defendants from liability for the § 1983 claims.

Plaintiff has also failed to allege a § 1983 claim for slander, as the SAC does not allege an injury sufficient to satisfy the "stigma-plus" test. Alleging mental torment and physical health degradation is insufficient, as neither are protected by the Constitution nor are they identified liberty or property interests in California.

Plaintiff's (possible) state law claim for slander also fails due to a lack of specificity in the pleadings. Since the slander claim is slander *per quod*, special damages must be pled. This did not occur. Additionally, the alleged defamatory statements in the SAC do not provide specificity regarding the alleged defamatory words, nor the days and times they were uttered.

Plaintiff violated the two-year statute of limitations, as the allegations in the SAC do not relate back to the filing of the original complaint because the allegations in the SAC do not match with the ultimate facts and theories of recovery found in the original complaint. This results in the SAC being subject to

dismissal.

Finally, Plaintiff also failed to submit a California Government Code section 910 claim detailing the allegations and theories of recovery found in the SAC. Therefore, the allegations in the SAC are barred from being pled as to any state law claims and the SAC should be dismissed.

## II.   SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff alleges that on May 10, 2021, six officers of the City of San Luis Obispo's Police Department ("SLOPD") and deputies of the County of San Luis Obispo Sheriff's Office executed a search warrant at the Plaintiff's son's home, located at 3175 Camelia Court, #D, in the City of San Luis Obispo ("City"). First Am. Compl. ("FAC") ¶ 31, ECF No. 11. The Plaintiff's son was shot and killed in the process of effectuating the warrant. FAC ¶ 78.

The Plaintiff submitted a claim to the City on October 28, 2021. Compl. Ex. 2, ECF No. 1. The claim alleges damages related to the wrongful death of Plaintiff's son. Compl. Ex. 2, at ¶ 5. The factual allegations supporting the wrongful death claim concern how the SLOPD "mishandled the tactical entry," "delivered a coup de grace," "publicly denied [the plaintiff's son's] well established mental health history with law enforcement," "proliferat[ed] a false narrative to the public that [the plaintiff's son] shot and killed himself," "conspired to cover-up police misconduct in the killing," and "refuse[d] to release body camera footage." Compl. Ex. 2, at Ex. A.

On May 9, 2022, Plaintiff filed a Complaint against the City and the County of San Luis Obispo for wrongful death, Bane Act violations, and § 1983 claims premised on excessive force and other like claims. Compl. 1. The claims and allegations in the Complaint relate to the injuries suffered by the Plaintiff's son; no allegations of slander or defamation against the Plaintiff herself are made in this complaint. *See generally,* Compl.

On July 23, 2022, the Plaintiff filed the First Amended Complaint, which

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

MOTION TO DISMISS SECOND AMENDED COMPLAINT

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

added several police officers as Defendants but did not add any additional claims. *See* FAC. The FAC, like the Complaint, is devoid of allegations of slander or defamation against the Plaintiff herself. *Id.* After counsel for the Plaintiff withdrew, on August 28, 2023, this court ordered the dismissal of all survival claims in the FAC. Order Dismissing Survival Claims Without Prejudice and Lifting Stay of Defs.' Mot. to Dismiss ¶¶ 3, 6, ECF No. 71. On March 14, 2024, this court then dismissed all the remaining claims in the FAC but granted leave to amend. Minute Order Re Defs.' Mot. to Dismiss ¶ 4, ECF No. 79.

On May 2, 2024, Plaintiff, in pro per, filed her Second Amended Complaint, which alleges new facts and possible (although somewhat unintelligible) claims. Second Am. Compl., ECF No. 85.

The SAC alleges that Defendant Rick Scott "falsely accused" the Plaintiff and her family of "being thieves, burglars, and committing crimes." SAC 5:6-8. The SAC also alleges that Defendant Scott "used the term cop killers" against the Plaintiff and her family and then "announced where the family lived." SAC 5:20-22. Defendant Scott also allegedly "lied to the community and failed to verify any true facts about the plaintiff and [her] family." SAC 6:8-11. Defendant Scott allegedly stated on national television that "he would rid the town of people like us." SAC 6:20-22. These actions allegedly were taken to make Defendant Scott "look meaningful and purposeful," to "portray himself as a hero," to "uplift his position with the community," and to "gloat about what a great Captain he would be." SAC 5:11-15, 6:17-18.

The SAC alleges Defendant Bryan Amoroso allegedly "put forth a false narrative" (SAC 7:11-12) and "with Stephen Orozco conspired to create a second warrant of arrest on the plaintiff's son as a rues [sic] of harassment." SAC 8:15-18. Defendants Amoroso and Orozco were allegedly "overly anxious to harass the plaintiff's son on false charges and inflict fear upon him in order to stop rumors of illegal activity at his former place of employment." SAC 8:23-28.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP

Attorneys at Law

Defendant Orozco allegedly used his position as a police officer to grandstand his injuries sustained during the shooting incident on May 10, 2021, and to brag about his ability to dodge the bullets he ran from. SAC 9:1-5. Defendant Orozco also allegedly exposed copies of his x-rays and his injuries in public settings to let everyone know he was a hero. SAC 9:5-8. It is alleged this reinforced the cop killer accusations and insulted and humiliated the family of the Plaintiff. SAC 9:9-17.

The Plaintiff alleges that her race and ethnicity have been racially profiled because of her affiliation with Black Americans and people of color. SAC 13:5-15. The Plaintiff further alleges the Defendants' tactics were used to rid the Plaintiff of the safety of her community and privacy of her home and to cause ridicule and shame. SAC 13:17-23. The Plaintiff now allegedly suffers from mental torment and physical health degradation. SAC 13:26-27.

Although the City is listed in the caption, there are no allegations regarding any liability on the part of the City.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if (1) it fails to state sufficient factual matters, which if true, would entitle plaintiff to relief, and (2) if it fails to state facially plausible claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and when there is more than a "sheer possibility that the defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Factual allegations must raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

A recitation of the elements of a cause of action without underlying facts and a plausible entitlement to relief is not sufficient. *Twombly*, 556 U.S. at 555.

"[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. [T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, U.S. 556 at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The Court is not required 'to accept as true' a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV.  LEGAL ARGUMENT

### A.  The SAC Fails to State a Claim Upon Which Relief Can Be Granted

#### 1.  The SAC lacks the required plausibility to satisfy pleading requirements under *Iqbal* and *Twombly*.

A claim has facial plausibility when the plaintiff pleads sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Twombly,* 550 U.S.  at 557.

A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal* 556 U.S. 679 (emphasis added).

The SAC fails to satisfy the test outlined in *Iqbal*, as the SAC is rife with

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

legal conclusions that are not supported with well pled facts and thus are not entitled to a presumption of truth. As a result, the allegations in the SAC do not satisfy the plausibility requirement for federal court pleadings.

The SAC concludes that "Rick Scott used my family name to grandstand his newly elected position," but no facts are then provided to show how she came by this inference. SAC 5:3-4. The SAC also states, "as means of propaganda to uplift his position with the community, [Defendant Scott] lied to the community and failed to verify any true facts about the Plaintiff and family." SAC 6:7-9. Again, the Plaintiff concludes without providing supporting facts. None of the "true facts" are provided to help contextualize the conclusions. It also remains unknown how Defendant Scott's actions were inferred to be a "means of propaganda," how he "failed to verify" any facts, or how he specifically "lied to the community." Instead, we are left with the Plaintiff's vague conclusions.

Similar conclusory statements are lodged against Defendants Amoroso and Orozco. "Defendant Bryan Amoroso, along with Steven Orozco conspired to create a second warrant of arrest on plaintiff's son as a rues [sic] of harassment." SAC 8:15-18. "Plaintiff, believes and Bryan Amoroso and Steven Orozco were overly anxious to harass plaintiff's son on false charges and inflect upon plaintiff's son, fear.  This was to stop rumors of illegal activity at son of plaintiff's former employment." SAC 8:23-28. Again, the Plaintiff is failing to provide the underlying facts upon which she bases her conclusory statements. What facts lead to the reasonable inference that Defendants were trying to inflict fear upon the Plaintiff's son? What facts show the Defendants were overly anxious to harass the Plaintiff's son on false charges? It is not reasonable to infer the conclusions made in the SAC by the Plaintiff nor is Plaintiff's belief relevant to the facts of this matter.

Since these conclusory statements are not supported with well-pled facts, they are not entitled to any presumption of truth. As such, the claims against the

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant officers, while possible, do not pass the threshold of being plausible.

Further, the City is listed as a defendant in the SAC, but no allegations are lodged against the City in the body of the SAC. There are no *Monell* claims or any other allegations which could demonstrate liability by the City.  There are no well-pled facts regarding the City's liability, but there is also a complete dearth of conclusions regarding the City's liability. The SAC fails to plead a plausible claim against the City for this reason.

Therefore, the SAC should be dismissed as to all Defendants given a lack of plausibility.

**2.**      **Plaintiff's 42 U.S.C. section 1983 claims fail as they do not allege any specific constitutional violations.**

The SAC does not specifically allege any violations of the Constitution or federal law upon which the 42 U.S.C. §1983 claim is based. For this reason, the Plaintiff has failed to state a claim upon which relief may be granted.

It is well settled that §1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). The Due Process Clause does not, on its own, extend individuals a right to be free of injury wherever a state is characterized as the tortfeasor. *Paul v. Davis*, 424 U.S. 693, 699-701 (1976). The Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *Id.* at 701. In order to achieve constitutional import, there must be a deprivation of a protected interest for a §1983 claim.  *Davidson v. Cannon*, 474 U.S. 344, 359 (1986).

Section 1983 creates a cause of action against any person who, acting under color of state law, violates the constitutional or federal rights of another person. 42 U.S.C. § 1983. To state a §1983 claim, a plaintiff must allege facts indicating that (1) the conduct complained of was committed by a person acting under the color of state law, and (2) the conduct deprived him or her of a constitutional right.

14

*Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

In the instant matter, Plaintiff's SAC fails to allege any specific violations of any federal statutes or the Constitution. There are allegations that her "civil rights on Racism" and "freedom of speech" have been violated, but neither Constitutional amendments nor federal statutes are pled as being violated in the SAC. SAC 13:5-15. Additionally, no facts are provided to substantiate how the Plaintiff's freedom of speech and civil rights on racism have been violated. Instead, it is mere conclusory language lacking well pled facts. The freedom of speech violation is particularly confounding, since nowhere in the SAC are there allegations demonstrating the Plaintiff's freedom of speech has been violated, only that she has possibly been slandered.

Further, the Plaintiff's allegations that her "civil rights on Racism, that her race and ethnicity has been racially profiled because of her affiliations with Black Americans and people of color," SAC 13:5-10, are not a constitutional violation, as the allegations provide no facts demonstrating the Plaintiff belongs to a protected class. In order to state a claim under § 1983 for "a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998)). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir.1994); *see also Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (holding that §1983 claims based on Equal Protection violations "must plead intentional unlawful discrimination or allege facts that are . . . susceptible of an inference of discriminatory intent."). The SAC is devoid of facts demonstrating the Plaintiff belongs to any protected class. She merely alleges she is affiliated with people of color and is experiencing racial

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

15

profiling as a result of this affiliation. This fails to delineate how the Plaintiff belongs to a class protected by the equal protection clause, or what that class of individuals even consists of.

The SAC also fails to properly plead a §1983 claim against the City as no *Monell* claims have been pled.

It is well established that a municipality cannot be held liable for the tortious conduct of its employees under § 1983 on a respondeat superior theory. *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 691 (1978). "Federal case law has long barred respondeat superior liability against state actors in suits brought under 42 U.S.C. § 1983." *Fed. of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996). As established by *Monell* and its progeny, the City "may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the [City] can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694).

The SAC lacks any allegations concerning a municipal policy, practice, or custom of the City that resulted in the constitutional violations possibly alleged in the SAC. This is required to hold a municipality liable for its employees' violations of §1983. Without pleading these facts, the §1983 claim fails against the City as a matter of law, since municipalities cannot be liable for employees' violation of section 1983 under respondeat superior.

For this reason, the Plaintiff has not satisfied the pleading requirements to state a claim for her §1983 claims.

### 3.    Plaintiff's 42 U.S.C §1983 claims are barred by qualified immunity.

Even if the Plaintiff had adequately pled a §1983 claim, the claims would remain barred by the doctrine of qualified immunity.

Qualified immunity provides government officials with "an entitlement not

to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This privilege "is an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quotation and emphasis omitted). "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011); *Dist. of Columbia v. Wesby*, U.S. 138 S. Ct. 577 (2018).

In analyzing a claim of qualified immunity, a federal court must decide whether: (1) "the facts that a plaintiff has alleged [ ] or shown [ ] make out a violation of a constitutional right"; and (2) "whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quotation omitted); *Jessop v. City of Fresno*, 936 F.3d 937 (9th Cir. 2019) (concluding that qualified immunity protected police who allegedly stole property during execution of a search warrant).

In the context of a qualified immunity challenge, Plaintiff bears the burden of proving the existence of a clearly established right at the time of the allegedly impermissible conduct. *See Emmons v. City of Escondido*, 921 F.3d 1172, 1174 (9th Cir. 2019); *Oliver v. Baca*, 913 F.3d 852, 860 (9th Cir. 2019); *Maraziti v. First Interstate Bank of California*, 953 F.2d 520, 523 (9th Cir. 1992).

For a legal principle to be clearly established, it "must have a sufficiently clear foundation in then-existing precedent. The rule must be 'settled law,' which means it is dictated by 'controlling authority' or 'a robust consensus of cases of persuasive authority.' It is not enough that a rule is suggested by then-existing precedent." *Dist. of Columbia. v. Wesby*, 138 S. Ct. at 589-90 (citations omitted). "To determine whether a constitutional right has been 'clearly established' for qualified immunity purposes, we must 'survey the legal landscape and examine those cases that are most like the instant case.' The inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'"

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

17

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP

Attorneys at Law

*Krainski v. Nevada ex Rel. Bd. of Regents*, 616 F.3d 963, 970 (2010) (citations omitted)[1].  Clearly established, in this context, means it would be clear to any and every reasonable official that the subject actions violated the Plaintiff's rights. *Reichle v. Howards*, 566 U.S. 658, 664 (2012). The relevant inquiry is whether existing precedent placed the conclusion that officers acted unreasonably in the[] circumstances 'beyond debate.'" *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018) (citations omitted).

Qualified immunity applies to the complained-of conduct for two reasons. First, Plaintiff has failed to allege a violation of a constitutional right (as discussed *supra*.). Second, even if Plaintiff had alleged a violation of a constitutional right, the Plaintiff must also establish, with considerable specificity, that the rights at issue were clearly established at the time of the alleged misconduct. This is accomplished by showing the Defendants' conduct was unreasonable "beyond debate," by demonstrating with case authority that it is "settled law" that the Defendants' had violated the Plaintiff's "clearly established" Constitutional rights. This was not done in the Plaintiff's SAC, meaning qualified immunity applies to the §1983 claims pled in the SAC.

For this reason, the doctrine of qualified immunity bars the Plaintiff's § 1983 claims.

///

///

---

[1] The level of specificity required by the Supreme Court is considerable. *See Luna v. Mullenix*, 577 U.S. 7, 12-13 (2015) (Supreme Court rejected formulation of the clearly established rule as being "that a police officer may not use deadly force against a fleeing fellow who does not pose a sufficient risk of harm to the officer or others" and instead required the court to consider that the officers "confronted a reportedly intoxicated fugitive, set on avoiding capture through high-speed vehicular flight, who twice during his flight had threatened to shoot police officers, and who was moments away from encountering an officer at Cemetery Road.").

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**4.      Plaintiff's §1983 claims for slander fail the "stigma-plus" test.**

The Plaintiff's SAC alludes to claims of slander against the Defendants. However, the Plaintiff failed to plead a §1983 claim for slander, as the SAC fails to allege an injury to a protected liberty or property interest separate from the harm to reputation itself.

Simply because a statement is defamatory does not mean that it rises to the level of a constitutional tort. *See Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986). In order for a tort such as defamation "to achieve constitutional import, there must be a deprivation of a protected interest." *Id.* The deprivation of a constitutionally protected interest is the plus portion of a §1983 defamation-plus claim (also called the stigma-plus test). To state a § 1983 slander claim, the plus part of the test can be met by showing "either the denial of a right specifically secured by the Bill of Rights (such as the right to free speech or counsel), or the denial of a state-created property or liberty interest such that the Fourteenth Amendment's Due Process Clause is violated." *Cooper v. Dupnik*, 924 F.2d 1520, 1532 n.22 (9th Cir. 1991).

A litigant is required to expressly allege the loss of a "more tangible interest." *Johnson v. Barker*, 799 F.2d at 1399. The alleged loss of a recognizable property or liberty interest must be in conjunction with the allegation of injury to reputation. *Cooper*, 924 F.2d at 1532.

In dicta in *Paul v. Davis*, the Supreme Court expressed skepticism that § 1983 provides a defamation claim for "a person arrested by law enforcement officers who announce that they believe such person to be responsible for a particular crime in order to calm the fears of an aroused populace." *Paul v. Davis*, 424 U.S. 693, 698-99 (1976). The Supreme Court has also ruled that a police officer causing death through deliberate or reckless indifference to life during a high speed would not violate the Fourteenth Amendment's guarantee of

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

In the instant case, the Plaintiff's alleged injuries from Defendant's alleged slander, if that is the claim she is in fact alleging, amounts to harm to reputation, mental torment, and physical health degradation. SAC 13:26-27. However, *County of Sacramento v. Lewis* demonstrates that physical and mental health are not protected by the Fourteenth Amendment. Further, no authority has been provided that demonstrates physical or mental health are liberty or property interests in the State of California. Therefore, the SAC fails to allege the denial of a right secured by the Bill of Rights or the denial of a state-created property or liberty interest. For this reason, the Plaintiff has failed to satisfy the "plus" portion of the "stigma-plus test."

For this reason, the § 1983 claim for slander be dismissed.

**5.   The SAC does not plead a state law claim for slander with the required specificity; Defendants' statements were privileged under Civil Code section 47.**

The SAC alludes to a state law cause of action for slander, but the specificity required to plead a claim for slander under California Civil Code section 46 is not met. Further, even if adequately pled, the state law claim for slander fails, as the Defendant's statements were privileged under California Civil Code section 47, as being made in the course of their official duties.

California Civil Code section 46 defines slander:

Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:
1.   Charges any person with crime, or with having been indicted, convicted, or punished for crime;
2.   Imputes in him the present existence of an infectious, contagious, or loathsome disease;
3.   Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;

4.      Imputes to him impotence or a want of chastity; or

5.      Which, by natural consequence, causes actual damage.

Cal. Civ. Code § 46.

Statements alleged to be libel must be specifically identified, if not pleaded verbatim. *Gilbert v. Sykes*, 147 Cal.App.4th 13, 31 (2007). Less specificity is required in the pleading of slander; slander may be charged by alleging the substance of the defamatory statement. *Okun v. Superior Court*, 29 Cal.3d 442, 458 (1981). However, even for purposes of slander, "the disparagement set forth in the complaint must be sufficiently close to the actual words proved to acquaint a defendant with what he must defend against." *Albertini v. Schaefer*, 97 Cal.App.3d 826, 832–833 (1979).

Further, slander that falls within the first four subdivisions of Civil Code section 46 is slander *per se* and requires no proof of actual damages. *Mann v. Quality Old Time Service, Inc.,* 120 Cal.App.4th 90, 107 (2004). Slander that does not fit into those four subdivisions is slander *per quod*, and special damages are required for there to be any recovery. *Regalia v. The Nethercutt Collection*, 172 Cal.App.4th 361, 367 (2009).

The Plaintiff's SAC pleads slander *per quod*, as the statements alleged in the SAC do not fall under the first four subdivisions of Civil Code section 46. The SAC alleges several times that the Plaintiff's son was called a cop killer, but no allegations that the Plaintiff herself committed a crime were included in the SAC.

Since the Plaintiff pleads slander *per quod*, she is required to plead special damages to state a claim for slander. While the Plaintiff pleads mental torment and physical health degradation near the end of her SAC, it is unclear whether these injuries in fact relate to a state law claim for slander or to a separate claim such as the § 1983 claims. Even if they do relate to the slander *per quod* claim, these

---

21

injuries would constitute general damages not special damages[2] and, thus, are insufficient injuries for a slander *per quod* claim.

Further, the SAC contains generalized information about what was said by Defendants instead of providing the actual words uttered. The alleged statements do not include the dates or times the alleged statements were made. The SAC forces the Defendants to guess at what specific statement allegedly violated the Plaintiff's rights. The Plaintiff has not set forth what the actual alleged defamatory words were with sufficient exactness to acquaint Defendants with what they must defend against.

Even if the SAC was sufficiently specific regarding the statements made, the state law claim for slander still fails as the alleged statements were privileged under Civil Code section 47.

Civil Code section 47 states a broadcast is privileged if made "(a) in the proper discharge of an official duty." Cal. Civ. Code § 47. The privilege is an absolute one because it even protects publications made with actual malice or with an intent to do harm. *Frisk v. Merrihew*, 42 Cal.App.3d 319, 323 (1974). This absolute privilege is applicable to sheriffs, emergency service officers, and even school superintendents. *McQuirk v. Donnelley,* 189 F.3d 793, 800 (9th Cir. 1999).

The Defendants' statements are privileged since the SAC fails to allege any statement made outside the scope of the Defendants' official duties. The Defendants can rely on the protections of Civil Code section 47, as they are as police officers and police chiefs carrying out an official duty. Since these protections apply, the SAC must contain statements from the Defendants that were allegedly made <u>outside the context</u> of their official duties as police officers. Instead, the SAC provides ample evidence that the statements were made by the Defendants while performing their official duties. *See generally* SAC.

---

[2] Noneconomic damages include emotional distress and pain and suffering. *Bigler-Engler v. Breg, Inc.*, 7 Cal.App.5th 276, 300 (2017).

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

For these reasons, the Plaintiff fails to state a claim for slander under California state law.

**B.     The Claims in the SAC are Barred by the Statute of Limitations as the Allegations in the SAC Do Not Relate Back to the Original Complaint**

Pursuant to California Code of Civil Procedure section 335.1, there is a two-year statute of limitations for commencing an action for assault, battery, injury to, or death of an individual caused by the wrongful act or neglect of another in the State of California. Cal. Civ. Proc. Code § 335.1. While federal law does not provide a statute of limitations for a § 1983 claim, under *Owens v. Okure*, 488 U.S. 235, 239-250 (1989),[3] a § 1983 claim in the present matter would have a two-year statute of limitations.

Pursuant to Code of Civil Procedure section 312, the statute of limitations period commences after the cause of action has accrued, which generally means the date of injury. Unless an amended complaint relates back to a timely filed original complaint, it will be barred by the statute of limitations. *Barrington v. A.H. Robins Co*., 39 Cal.3d 146, 150 (1985).

Under the relation-back doctrine, the amended complaint must rest on the same general set of facts as the general complaint, refer to the same accident and same injuries as the original complaint, and refer to the same instrumentality as the original complaint. *Norgart v. Upjohn Co*., 21 Cal.4th 383, 408-409 (1999). Therefore, the relation-back doctrine requires us to compare the factual allegations in the original and amended complaints. *Davaloo v. State Farm Ins. Co.*, 135 Cal.App.4th 409, 416 (2005).

> Just as a plaintiff who changes the essential facts upon which recovery is sought is not entitled to the benefits of the relation-back doctrine, so

---

[3] Where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the state's general or residual personal injury statute of limitations.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

too a plaintiff who files a complaint containing no operative facts at all cannot subsequently amend the pleading to allege facts and a theory of recovery for the first time and claim the amended complaint should be deemed filed as of the date of the original, wholly defective complaint: Going from nothing to something is as much at odds with the rationale for allowing an amended pleading to relate back to the filing of the original documents as changing from one set of facts to a different set.

*Id.*

Plaintiff cannot take advantage of the relation-back doctrine as the SAC does not rest on the same general facts as the Complaint, does not allege the same accident or injuries as alleged in the Complaint, and does not refer to the same instrumentalities as those referenced in the Complaint. The Plaintiff's Complaint is premised on wrongful death, negligence, excessive force, and other injuries sustained by the Plaintiff's son surrounding the shooting that occurred on May 10, 2021. The Complaint contains no references to slanderous statements made against the Plaintiff herself, nor is there any reference to injuries personally sustained by the Plaintiff, such as mental torment and physical degradation. In fact, the Plaintiff's entire SAC is premised on events that occurred after the shooting on May 10, 2021, whereas the Complaint concerns itself solely with shooting and events leading up to the shooting. Since the ultimate facts and theories of recovery in the SAC are completely different than those in the original complaint, the relation-back doctrine does not apply.

Given the Plaintiff is unable to rely on the relation-back doctrine, Plaintiff's claims in the SAC are barred by the statute of limitations, as it has been over three years since the alleged injuries in the SAC took place.

For this reason, this court must dismiss the SAC.

///

///

///

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**C.      Any State Law Claims are Barred for the Failure to Submit a Government Claim pursuant to California Government Code section 910 et seq.**

The government claim submitted to the City ("Claim") did not include any of the facts and claims alleged in the SAC. *See* Compl. Ex. 2. Therefore, under the California Government Code, no government claim was submitted for the claims alleged in the SAC and thus they are barred by Government Code section 910.

To be timely, a government claim based on causes of action for death and personal injury must be presented to the public entity within six months of the date the cause of action accrued. Cal. Gov't Code § 911.2(a).

The contents of a claim must adhere to the requirements of California Government Code section 910, which include:  (c) the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted; (d) a general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim. This is true even if the public entity has actual knowledge of facts that might support a claim. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 738 (2007).

When a civil action is brought following the denial of a government tort claim, the complaint may be subject to dismissal "if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Nelson v. State of California*, 139 Cal. App. 3d 72, 79 (1982).

A complaint is not fairly reflected in a claim when there is "a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 36 Cal. 4th 441, 447 (2004) (citing *Blair v. Superior Court*, 218 Cal. App. 3d 221, 226-27 (1990).

The Plaintiff committed a textbook violation of this requirement in filing

her SAC. The Claim submitted to the City alleged a wrongful death cause of action and discussed how the San Luis Obispo Police "mishandled the tactical entry," "delivered a coup de grace," "publicly denied [the Plaintiff's son's] well established mental health history with law enforcement," "proliferat[ed] a false narrative to the public that [the Plaintiff's son] shot and killed himself," "conspired to cover-up police misconduct in the killing," and "refuse[d] to release body camera footage." Compl. Ex. 2, Ex. A. Nowhere in the Claim are there any allegations of slander and defamation against the Plaintiff (as opposed to her son). There are also no allegations of injuries sustained directly by the Plaintiff in the Claim. Now, for the first time, the SAC alleges statements made about the Plaintiff, and injuries sustained directly by the Plaintiff as a result of these alleged statements. This results in the SAC alleging a different factual theory and legal basis for recovery than what was alleged in the Claim. The Plaintiff is barred from making these claims in the SAC for the failure to timely submit a claim under section 910.

For this reason, the court should dismiss the SAC.

## V.    CONCLUSION

For the reasons stated above, Defendants respectfully request the court grant this motion and dismiss the Plaintiff's SAC, as there are no allegations sufficient to create liability on the part of the moving Defendants.

Date:  May 23, 2024                    ADAMSKI MOROSKI MADDEN
                                        CUMBERLAND & GREEN LLP


                                         /s/ Joshua M. George
                                        Joshua M. George
                                        Chase W. Martin
                                        Carrick J. Meyers
                                        Attorneys for Defendant, City of San Luis
                                        Obispo

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for defendants City of San Luis Obispo, Bryan Amoroso, Steve Orozco, and Rick Scott, certifies that this brief contains 6,165 words, which complies with the word limit of L.R. 11-6.1.


Dated:  May 23, 2024                              */s/ Joshua M. George*
                                                                Joshua M. George

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**