Douglas C. Smith, Esq. (SBN 160013)
Christopher P. Romero, Esq. (SBN 270705)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
cromero@smitlaw.com

Attorneys for Defendants, COUNTY OF SAN
LUIS OBISPO and IAN PARKINSON

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caroline Wichman, individually and as successor in interest to Edward Zamora Giron II, deceased | Case No.: 2:22-cv-03156-DMG (RAOx) |
| Plaintiff, | **DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES; AND [PROPOSED] ORDER** |
| vs. | |
| CITY OF SAN LUIS OBISPO, a municipal entity; COUNTY OF SAN LUIS OBISPO, a municipal entity; BRYAN AMOROSO; STEVE OROZCO; IAN PARKINSON; RICK SCOTT; DAN DOW; and DOES 1-25, | Date: June 28, 2024 Time: 9:30 a.m. Ctrm: 8C |
| Defendants. | *Complaint filed 5/9/22* *First Amended Complaint filed 7/23/22* *Second Amended Complaint filed 5/2/24* |

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO PLAINTIFF IN PRO SE:

PLEASE TAKE NOTICE that on June 28, 2024, at 9:30 a.m., or as soon thereafter as this matter may be heard, by telephone or videoconference, defendants COUNTY OF SAN LUIS OBISPO, and IAN PARKINSON, will and hereby do move this Court for an order dismissing plaintiff Caroline Wichman's Second Amended Complaint ("SAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that, Plaintiff Wichman's SAC makes no allegations against County of San Luis Obispo, her SAC is time barred, and Plaintiff has failed to state sufficient facts to show entitlement to relief on any of her claims for relief.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

This motion is made following an attempt to meet and confer with pro per plaintiff, Ms. Wichman, pursuant to L.R. 7-3, which took place via email on May 13-14, 2024.  (See, Declaration of Christopher Romero, filed concurrently herewith).

DATED: May 23, 2024                    SMITH LAW OFFICES, LLP

                                       *Christopher Romero*
                              By:_____
                                       Douglas C. Smith
                                       Christopher P. Romero
                                       Attorneys for Defendants
                                       COUNTY OF SAN LUIS OBISPO and
                                       IAN PARKINSON

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES…………………………...1

I. STATEMENT OF FACTS…………………………………………………………2

    A. Defendant Ian Parkinson………...…………………………………………...2

    B. Defendant Dan Dow……………...…………………………………………...2

    C. All Defendants…………………………………………………………………2

II. LEGAL STANDARD……………………………………………………………...3

III. ARGUMENT……………………………………………………………………...3

    A. The Court Should Dismiss the SAC as to Defendant County of San Luis Obispo Because It Makes No Allegations Against County…………………3

    B. The Court Should Dismiss the SAC Because Wichman's Claims Are Time Barred………………………………………………………………………...3

    C. The Court Should Dismiss the SAC Because It Fails to State a Claim Upon Which Relief Can Be Granted…………………………………………………7

      1. The Court Should Dismiss the SAC Because Wichman Fails to Allege a Constitutional Violation……………………………………………………7

      2. The Court Should Dismiss the SAC Because It Does Not Provide Sufficient Factual Matter to State a Claim to Relief This is Plausible on Its Face……………………………………………………………...7

        i. The SAC Does Not Provide Sufficient Factual Matter to State a Claim to Relief Against Defendant Ian Parkinson That is Plausible on Its Face…………………………………………8

        ii. The SAC Does Not Provide Sufficient Factual Matter to State a Claim to Relief Against Defendant Dan Dow That is Plausible on Its Face……………………………………………………………10

        iii. The SAC Does Not Provide Sufficient Factual Matter to State a Claim to Relief Against All Defendants That is Plausible on Its Face…………………………………………………………11

iii

3. The Court Should Dismiss the SAC Because Wichman Lumps All Defendants Together……………………………………………13

V. CONCLUSION………………………………………………………..14

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## **TABLE OF AUTHORITIES**

**Federal Cases**

Abreu v. Ramirez, 284 F.Supp.2d 1250, 1257 (C.D.Cal.2003) ...........................4

Adobe Sys. Inc. v. Blue Source Grp., Inc., No. 14–CV–02147–LHK, 2015 WL 5118509, at *10 (N.D.Cal. Aug. 31, 2015)...........................................13

Barrington v. A.H. Robins Co. (1985) 39 Cal.3d 146, 150.................................6

Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555-556 (2007)......................7

Gauvin v. Trombatore, 682 F.Supp. 1067, 1071 (N.D.Cal.1988).......................13

Gen–Probe, Inc. v. Amoco Corp., Inc., 926 F.Supp. 948, 961 (S.D.Cal.1996) ....13

In re iPhone Application Litig., No. 11–MD–02250–LHK, 2011 WL 4403963, at *8 (N.D.Cal. Sept. 20, 2011)………… ..........................................................13

Johnson v. State of California, 207 F.3d 650, 653 (9th Cir.2000) .......................3, 4

Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001)........................................4

Leer v. Murphy, 844 F.2d 628, 632–633 (9th Cir.1988).....................................7

Monell……………………………………….. .....................................................3

SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996)…………………….. .......................................................3

Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 711 (9th Cir.1993) ..........3

Two Rivers v. Lewis, 174 F.3d 987, 992 (9th Cir.1999)...................................4

Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987) ......................4

Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002) ...........................7

Villalpando v. Exel Direct Inc., No. 12–CV–04137 JCS, 2014 WL 1338297, at *5 (N.D.Cal. Mar. 28, 2014)………… ........................................................13

Wilson v. Garcia, 471 U.S. 261, 280 (1985) ...................................................4

**State Cases**

Ashcroft v. Iqbal 129 S. Ct 1937, 1949 (2009) ...............................................7

Curtis Engineering Corp. v. Superior Court (2017) 16 Cal.App.5th 542, 548......6

Engel v. Pech (2023) 95 Cal.App.5th 1227, 1236 ............................................6

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Norgart v. Upjohn Co. (1999) 21 Cal.4th 383, 408–409.......................................6

**Statutes**

42 U.S.C. § 1983…………………………………………………4, 5, 8, 10

Civ. Proc. § 340(3)…………………………… ...............................................4

Civ. Proc. § 335.1………………………….. ...............................................4

vi

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### <u>STATEMENT OF FACTS</u>

Plaintiff Wichman filed her handwritten Second Amended Complaint "SAC" on May 8, 2024 (Dkt., 86). Because her handwritten SAC may be difficult to read, her allegations, as understood by the moving defendants, are repeated directly below. Wichman alleges the following:

**A. <u>Defendant Ian Parkinson.</u>**

Wichman alleges:

> "Defendant Ian Parkinson works for San Luis Obispo, CA Sheriff Department. Defendant is sued in his individual and official capacity. This defendant was acting under the color of law because he was the sheriff.
>
> Ian Parkinson unjustly told lies to national media about the Plaintiff and family. Ian Parkinson awarded Hero Medals to his staff, after he clearly stated to our legal defense that his staff has nothing to do with the shootings on May 10, 2021, in San Luis Obispo, CA. He failed to communicate to existing departments that suspicion of commercial burglaries had been resolved and the merchandise retrieved. This lack of communication created uncalled for actions that resulted in slander to the Plaintiff and racial profiling from his department. He awarded medals to his staff to divert his wrong doings. He transferred the crimes committed by the officers to cast fault to the Plaintiff and her family."

**B. <u>Defendant Dan Dow.</u>**

Wichman alleges:

> "Defendant Dan Dow is a government employee for San Luis Obispo, CA. His position is District Attorney. This defendant is sued under individual and official capacity. This defendant was acting under color of law because he is the District Attorney. Dan Dow (Exhibit A) on a public display with the wife of the widow police officer Detective Benedetti, decides to take a Sunday drive

through the center of downtown, San Luis Obispo.  This was done to show the community the outstanding support from the government elders of San Luis Obispo.

This was done to show the community the Plaintiff had no footing in the community.  This was done to impress upon the community that "Black Lives Matter" supporters are not welcome in the city San Luis Obispo Community. Because the Plaintiff and family are very strong supports of Black Lives Matters.

This was done because Dan Dow was prosecuting a case of Black Lives Matters supports and he used the situation to turn the community against the Plaintiff and her family."

### C. <u>All Defendants.</u>

Wichman alleges:

"The Plaintiff believes the mindset of the defendants was to work in unison to degrade the Plaintiff to a position of odd, poor, weak and a lover of Black people in a negative racial capacity.  She believes she has been threatened and warned by defendants.

She believes the defendants are working to brainwash the community and her, that she is nothing more than the "Cop Killer's mother," and she has no welcome or place in the City and County of San Luis Obispo."

Mental Torment and Physical Health Degradation.

"The Plaintiff claims under her civil rights on racism, that her race and ethnicity has been racially profiled because of her affiliations with black Americans and people of color.  She believes she has been mentally attached and harassed so as to shut her up from freedom of speech and her relationships to the ethnicities to Black American culture.

Several tactics of intimidation have been inflicted on her and her family as to rid them of the safety of community, and the comfort and privacy of her home.  The

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

defendants 1-5 in this case have used their titles and positions of government to public shame, ridicule and insult the Plaintiff.

The Plaintiff now suffers mental torment and physical health degradation."

Defendants County of San Luis Obispo, Ian Parkinson, and Dan Dow now file the instant Motion to Dismiss.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure § 12(b)(6) allows a defendant to attack a Complaint for failure to state a claim upon which relief can be granted. A Complaint may be dismissed pursuant to Rule 12(b)(6) where the Complaint either asserts a legal theory that is not cognizable as a matter of law or fails to allege facts to sufficiently support a cognizable legal claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996).

## III.

## ARGUMENT

### A. The Court Should Dismiss the SAC as to Defendant County of San Luis Obispo Because it Makes No Allegations Against County.

County is a named defendant on the caption of the Second Amended Complaint, but there are no allegations against County in the body of the SAC.  County cannot respond to the SAC because no factual allegations are made against it.  Wichman made Monell claims in her Complaint (Complaint, pg. 23, ln. 5 – pg. 28, ln. 15), and in her FAC (FAC, pg. 50, ln. 1 – pg. 56, ln. 1), but no Monell claims are made in her SAC. As such, a Motion to Dismiss should be granted against County.

### B. The Court Should Dismiss the SAC Because Wichman's Claims Are Time Barred.

Federal civil rights statutes have no independent limitations period. Johnson v. State of California, 207 F.3d 650, 653 (9th Cir.2000); Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 711 (9th Cir.1993) (California's statute of limitations for personal

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

injury actions governs claims brought pursuant to 42 U.S.C. § 1983); <u>Abreu v. Ramirez</u>, 284 F.Supp.2d 1250, 1257 (C.D.Cal.2003).  The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. <u>Johnson</u>, 207 F.3d at 653; <u>Abreu</u>, 284 F.Supp.2d at 1257. § 1983 and related federal civil rights claims "are best characterized as personal injury actions." <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985).

Pursuant to <u>Wilson</u>, the Ninth Circuit has held that the appropriate statute of limitations for § 1983 claims brought in California is the limitation set forth in California <u>Code Civ. Proc.</u> § 340(3). See <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 558 (9th Cir.1987) (deciding § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1983).  On January 1, 2003, § 340(3) was replaced with California <u>Code Civ. Proc.</u> § 335.1, which lengthened the limitations period for personal injury claims to two years. Thus, the statute of limitations for a § 1983 claim is now two years.

Although state law provides the statute of limitations for claims under § 1983, federal law determines when a civil rights claim accrues. <u>Knox v. Davis</u>, 260 F.3d 1009, 1013 (9th Cir. 2001). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " <u>Id.</u>, quoting <u>Two Rivers v. Lewis</u>, 174 F.3d 987, 992 (9th Cir.1999).

Based on the foregoing, Wichman has two years from the date of the alleged wrongful conduct to commence an action against the moving defendants, for unspecified violation of her constitutional rights.

Originally, Wichman's Complaint and FAC alleged claims based on the death of her son on May 10, 2021, and conduct by law enforcement leading up to the death of her son, who she alleged was wrongfully killed by law enforcement. (See, Complaint, pg. 9, ln. 25 – pg. 16, ln. 7; See also, FAC, pg. 12, ln. 13 – pg. 42, ln. 10).  Her case was about the alleged wrongful death of her son.  The claims were Federal and State law claims for Excessive Force (42 U.S.C. § 1983); Integral Participation (42 U.S.C. § 1983); Failure to Intervene (42 U.S.C. § 1983); Denial of Medical Care (42 U.S.C. §

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1983); Substantive Due Process  (42 U.S.C. § 1983); Municipal Liability for Inadequate Training (42 U.S.C. § 1983); Municipal Liability for Ratification (42 U.S.C. § 1983); Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983); Battery (wrongful death); and Negligence (wrongful death); and Violation of the Bane Act (Cal. Civil Code § 52.1), all arising out of the death of her son, for conduct in connection with his death.  Moving defendants were being sued in various ways for the death of Wichman's son.

   Wichman now, for the first time, claims the moving defendants engaged in the following wrongful conduct supporting her current unspecified claims for constitutional violations: 1) Ian Parkinson told lies to national media; 2) Ian Parkinson awarded hero medals to his staff; 3) Ian Parkinson failed to communicate to existing departments that suspicion of commercial burglaries had been resolved; 4) Dan Dow took a Sunday Drive with the Widow of Detective Benedetti; 5) Wichman was threatened and warned by defendants; 6) Defendants worked to brainwash the community; 7) Wichman has been racially profiled; 8) Wichman has been mentally attacked and harassed; 8) Several tactics of intimidation have been inflicted on Wichman and her family.

       Wichman has made no allegations regarding when any of the above conduct took place, and as such has not made any allegations her claims were brought within the applicable statute of limitations period of two years.  Her SAC was filed May 8, 2024, and so for her claims to be valid the alleged conduct would have had to have occurred on May 8, 2022, or later.  Wichman makes no such allegations and as such her claims are time barred. Moreover, to the extent Wichman claims her current new claims arise from the death of her son on May 10, 2021, two years from that date is, May 10, 2023.  Her claims in the SAC were brought after that date.

       Wichman can also bring her new claims if they relate back to the filing of her original Complaint on May 9, 2022.  They do not.  None of the newly alleged conduct relates back to Wichman's original Complaint. Where the statute of limitations has

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

expired before the filing of an amended complaint, unless an amended complaint relates back to a timely filed original complaint, the amended complaint will be time-barred. (Barrington v. A.H. Robins Co. (1985) 39 Cal.3d 146, 150.) Under the relation back doctrine, to avoid the statute of limitations bar, the amended complaint must allege the same general set of facts, refer to the same accident, same injuries, and refer to the same instrumentality as alleged in the original complaint. (Norgart v. Upjohn Co. (1999) 21 Cal.4th 383, 408–409.)" (Curtis Engineering Corp. v. Superior Court (2017) 16 Cal.App.5th 542, 548; see also Engel v. Pech (2023) 95 Cal.App.5th 1227, 1236 [relation back doctrine applies to late filed claims if they "(1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original [pleading]"].)  As discussed above, Wichman's SAC brings new and different claims from her Complaint and FAC, and does not allege the same general set of facts, refer to the same accident, same injuries, or refer to the same instrumentality as alleged in the original complaint.  Her new Complaint no longer arises from the wrongful death of her son.

While Defendant Dan Dow has not been served in this matter, to the extent the Court considers any claims against Dan Dow in his official capacity, as claims against the County of San Luis Obispo, those claims are time barred.  According to Exhibit A to the SAC, which is a news article dated June 3, 2021, they arise from a Sunday drive with the widow of Detective Benedetti on May 17, 2021.  The drive did not take place within two years of filing her SAC (May 8, 2022, or later).  In addition, Wichman makes no allegations any of Dow's conduct took place within 2 years of May 10, 2021 (the death of her son), and none of Wichman's claims against Dow relate back to the filing of the FAC.

///

///

///

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

C. **The Court Should Dismiss the SAC Because it Fails to State a Claim Upon Which Relief Can Be Granted.**

1. **The Court Should Dismiss the SAC Because Wichman Fails to Allege a Constitutional Violation.**

"Section 1983 imposes two essential proof requirements upon a plaintiff: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." <u>Leer v. Murphy</u>, 844 F.2d 628, 632–633 (9th Cir.1988).  The SAC does not identify any right, privilege, or immunity protected by the Constitution or laws of the United States.  Wichman does not allege any specific constitutional violation.

2. **The Court Should Dismiss the SAC Because it Does Not Provide Sufficient Factual Matter to State a Claim to Relief That is Plausible on Its Face.**

As the United States Supreme Court recognized, a Complaint's "factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555-556 (2007) (allegations must provide plausible grounds to infer that plaintiff is entitled to relief.) A Complaint should be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Van Buskirk v. CNN, Inc.</u>, 284 F.3d 977, 980 (9th Cir. 2002).

A Complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u> 129 S. Ct 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). A plaintiff must allege "enough facts" to "nudge [] [the] claim[s] across the line from conceivable to plausible. <u>Id</u>. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. A Complaint

7

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

must contain "more than labels of conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, at 555.

      i.     **<u>The SAC Does Not Provide Sufficient Factual Matter to State a Claim to Relief Against Defendant Ian Parkinson That is Plausible on Its Face</u>**.

As to Defendant Ian Parkinson, Wichman allegedly brings her lawsuit under 42 U.S.C. Sec. 1983, but she fails to allege what constitutional amendment Defendant Parkinson violated.  Nor does she allege what state law Defendant Parkinson violated, if any, although she makes a non-specific reference to "slander."

Regarding Wichman's specific allegations against Defendant Parkinson, Wichman has failed to state a claim upon which relief can be granted, and as such Defendant Ian Parkinson is unable to respond to the Complaint.  Wichman alleges "Ian Parkinson awarded Hero Medals to his staff, after he clearly stated to our legal defense that his staff has nothing to do with the shootings on May 10, 2021, in San Luis Obispo, CA."  Wichman makes no allegations how this action is a violation of her constitutional rights or a violation of state law.  Nor does she state how or why she claims she was injured.

Wichman further alleges Defendant Parkinson "failed to communicate to existing departments that suspicion of commercial burglaries had been resolved and the merchandise retrieved.  This lack of communication created uncalled for actions that resulted in slander to Wichman and racial profiling from his department.  He awarded medals to his staff to divert his wrong doings.  He transferred the crimes committed by the officers to cast fault to the plaintiff and her family."  Wichman again makes no allegations how Defendant Parkinson's actions are a violation of her constitutional rights or a violation of state law, nor how she was injured.

Defendant Parkinson does not have the necessary information to respond to Wichman's Complaint, because no allegations are made regarding, how or why the statement "commercial burglaries had been resolved and merchandise received" is

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

relevant to any claims she is making.  Nor does Wichman state how or why a "lack of communication" resulted in slander or racial profiling.  She merely concludes as such. Wichman does not identify what alleged slander or racial profiling occurred, how it occurred, or how she is injured.  Moreover, while Wichman states, medals were awarded to "divert his wrongdoing" she does not state what the wrongdoings were.  In addition, Wichman does not identify what "crimes" were "committed by the officers," nor does she state what officers committed the alleged crimes, or when. Finally, Wichman alleges fault was "cast" to "Plaintiff and her family," but she does not allege what fault was cast for, or how she is injured.  Defendant Parkinson is left to speculate. Fault for what?

Wichman also alleges "Ian Parkinson, unjustly told lies to national media about the Plaintiff and family."  To the extent Wichman brings a cause of action for defamation, the Judicial Counsel of California Jury Instruction 1705 is instructive.  It states:

> [Name of plaintiff] claims that [name of defendant] harmed [him/her/nonbinary pronoun] by making [one or more of] the following statement(s): [insert all claimed per quod defamatory statements]. To establish this claim, [name of plaintiff] must prove all of the following:
>
> Liability
>
> 1. That [name of defendant] made [one or more of] the statement(s) to [a person/persons] other than [name of plaintiff];
>
> 2. That [this person/these people] reasonably understood that the statement(s) [was/were] about [name of plaintiff];
>
> 3. That because of the facts and circumstances known to the [listener(s)/reader(s)] of the statement(s), [it/they] tended to injure [name of plaintiff] in [his/her/nonbinary pronoun] occupation [or to expose [him/her/nonbinary pronoun] to hatred, contempt, ridicule, or shame] [or to

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

discourage others from associating or dealing with [him/her/nonbinary pronoun]];

4. That [name of defendant] failed to use reasonable care to determine the truth or falsity of the statement(s);

5. That [name of plaintiff] suffered harm to [his/her/nonbinary pronoun] property, business, profession, or occupation [including money spent as a result of the statement(s)]; and

6. That the statement(s) [was/were] a substantial factor in causing [name of plaintiff]'s harm.

Wichman does not identify any specific statement made, nor how or why any particular statement was a lie.  Furthermore, Wichman does not state how she was injured by any allegedly false statement.  Based on the foregoing, Wichman has failed to state a claim upon which relief can be granted, and Defendant Ian Parkinson is unable to respond to the Complaint.

ii.   **The SAC Does Not Provide Sufficient Factual Matter to State a Claim to Relief Against Defendant Dan Dow That is Plausible on Its Face.**

As to defendant Dow, to the extent the Court considers claims against him in his official capacity as claims against County of San Luis Obispo, Wichman allegedly brings her lawsuit under 42 U.S.C. Sec. 1983, but she fails to allege what constitutional amendment Defendant Dow violated.  Nor does she allege what state law Defendant Dow violated, if any.

Regarding Wichman's specific allegations against Defendant Dow, Wichman has failed to state a claim upon which relief can be granted, and as such Defendant David Dow is unable to respond to the Complaint.  Wichman alleges he went on "a Sunday drive through the center of downtown, San Luis Obispo" with the "wife of the widow police officer Detective Benedetti," to show the community the outstanding support from the government elders of San Luis Obispo."  Wichman fails to state how

10

this was a violation of her constitutional rights or state law, or how she was injured by this action.  On its face, a Sunday drive with the widow of an officer who died while on duty is not a violation of anyone's rights.

Wichman states the ride was "done to show the community the Plaintiff had no footing in the community," and "to impress upon the community that 'Black Lives Matter' supporters are not welcome in the city San Luis Obispo community because the Plaintiff and family are very strong supports of Black Lives Matters."  However, she does not allege how a ride with Detective Benedetti's wife would show she had no footing in the community, or how the ride is at all related to "Black Lives Matter" or its supporters, let alone how they are not welcomed in the community.  Wichman fails to allege how the ride has anything to do with her or "Black Lives Matter," and merely concludes as such.

Wichman also alleges "Dan Dow was prosecuting a case of Black Lives Matters supports and he used the situation to turn the community against the Plaintiff and her family."  However, she does not allege how the situation was used to turn the community against her and her family, nor that the situation actually turned the community against her and her family.

Based on the foregoing, Wichman has failed to state a claim upon which relief can be granted, and as such, Defendant David Dow is unable to respond to the Complaint.

    iii.    **The SAC Does Not Provide Sufficient Factual Matter to State a Claim to Relief Against All Defendant That is Plausible on Its Face**.

Generally, Wichman alleges, she "believes the mindset of the defendants was to work in unison to degrade the Plaintiff to a position of odd, poor, weak and a lover of Black people in a negative racial capacity."  Again, Wichman fails to state a claim upon which relief can be granted.  She does not allege a constitutional right that was violated, nor does she allege any state rights that were violated.  Wichman fails to

11

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

allege any facts regarding how defendants worked in unison to degrade Wichman. Moreover, Defendants cannot determine what Wichman means by "degrade the Plaintiff to a position of odd, poor, weak and a lover of Black people in a negative racial capacity."  Such a phrase is unintelligible, and Defendants cannot respond to the allegation.

Wichman also alleges she has been threatened and warned by defendants, but she does not allege how any threats or warnings are a violation of her constitutional rights or rights under state law.  She does not allege how she has been harmed either.  Moreover, she does not allege how she was threatened or warned by any defendant.

Furthermore, Wichman alleges "she believes the defendants are working to brainwash the community and her, that she is nothing more than the "Cop Killer's mother," and she has no welcome or place in the City and County of San Luis Obispo. Wichman alleges no facts indicating how any defendant has worked to brainwash her or the community that she is nothing more than the cop killer's mother, or that she has no welcome or place in the City or County.  There are no factual allegations of any action anyone has taken to persuade the community Wichman is nothing more than the cop killer's mother or that she has no welcome or place in the City or County.  No facts allege anyone believes Wichman is nothing more than the cop killer's mother or that she has no welcome or place in the City or County.

Moreover, Wichman claims "under her civil rights on racism, that her race and ethnicity has been racially profiled because of her affiliations with black Americans and people of color."  Wichman alleges no facts how she has been racially profiled.

Wichman also claims, "she believes she has been mentally attacked and harassed so as to shut her up from freedom of speech and her relationships to the ethnicities to Black American culture.  Wichman does not allege any facts indicating how she has been mentally attacked or harassed, nor does she state who attacked or harassed her.  In addition, the phrase, "shut her up from freedom of speech and her

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

relationships to the ethnicities to Black American culture" is unintelligible.  The moving defendants do not know what this means and cannot respond.

Wichman further claims "Several tactics of intimidation have been inflicted on her and her family as to rid them of the safety of community, and the comfort and privacy of her home."  However, Wichman does not factually state who has employed tactics of intimidation, or what tactics were employed.

Finally, Wichman claims "The defendants 1-5 in this case have used their titles and positions of government to public shame, ridicule and insult the Plaintiff."  However, she alleges no facts as to how she was subjected to public shame, ridicule, or insult.

### 3.   The Court Should Dismiss the SAC Because Wichman Lumps All Defendants Together.

As a general rule, when a pleading fails "to allege what role each Defendant played in the alleged harm," this "makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Wichman's allegations." Adobe Sys. Inc. v. Blue Source Grp., Inc., No. 14–CV–02147–LHK, 2015 WL 5118509, at *10 (N.D.Cal. Aug. 31, 2015) (quoting In re iPhone Application Litig., No. 11–MD–02250–LHK, 2011 WL 4403963, at *8 (N.D.Cal. Sept. 20, 2011)). Accordingly, a Complaint which "lump[s] together...multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." Gen–Probe, Inc. v. Amoco Corp., Inc., 926 F.Supp. 948, 961 (S.D.Cal.1996) (citing Gauvin v. Trombatore, 682 F.Supp. 1067, 1071 (N.D.Cal.1988)). A plaintiff "must identify what action each defendant took that caused plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." In re iPhone, 2011 WL 4403963, at *3. Put another way, a plaintiff's allegations must "provide sufficient notice to all of the defendants as to the nature of the claims being asserted against them," including "what conduct is at issue." Villalpando v. Exel Direct Inc., No. 12–CV–04137 JCS, 2014 WL 1338297, at *5 (N.D.Cal. Mar. 28, 2014).

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

As discussed above, Wichman she was 1) threatened and warned by defendants; Defendants worked to brainwash the community; she has been racially profiled; she has been mentally attacked and harassed; and several tactics of intimidation have been inflicted on her and her family.  None of these allegations identify what action each defendant took that caused Wichman harm, and merely resort to generalized allegations against defendants as a whole.  The moving defendants were not provided sufficient notice as to the nature of the clams being asserted against them, specifically what conduct is at issue.

## V.

## CONCLUSION

For all these reasons, Defendants request the Court grant Defendants' Federal Rules of Civil Procedure, Rule 12(b)(6) motion.

DATED: May 23, 2024                          SMITH LAW OFFICES, LLP

                                             *Christopher Romero*

                                             By: _____
                                                 Douglas C. Smith
                                                 Christopher P. Romero
                                                 Attorneys for Defendants
                                                 COUNTY OF SAN LUIS OBISPO and
                                                 IAN PARKINSON

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND IAN PARKINSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**